NUNNALLY *v.* OWENS.

1. Under the evidence in the record, there being no prescriptive title established by the possession of the defendant below herself and no possession whatever proved in her vendor, and the premises being vacant when said vendor acquired title as appears on the face of the conveyance to her, the verdict was correct irrespective of any errors which the court may have committed on the trial as complained of in the motion for a new trial.

2. The evidence showing that the plaintiff below was a non-resident of the city and county in which the premises lay, when the defendant put improvements thereon, and was not present at any time whilst the improvements were in progress, her failure to notify or inform the defendant of her title or of her objection to the defendant's possession and the erection of the improvements, would not be such acquiescence as to render the plaintiff accountable for the value of the improvements beyond such portion of the same as the defendant, under ₴2906 of the code, was entitled to as a set-off, and this amount being allowed by the jury, the verdict was correct on that element.          *Judgment affirmed.*
   August 23, 1892.

Ejectment. Title. Prescription. Estoppel. Set-off. Before Judge BOYNTON. Spalding superior court. August term, 1891.

Mrs. Clara C. Owens brought complaint against Elvie Nunnally to recover a lot of land in the city of Griffin, "known and distinguished in the plan of said city as

part of lot number 4 in square 25, . . beginning at an alley on the south side of said lot on which Frances S. Owens resides, and from said alley running north along the west side of Fifth street seventy feet, until it comes within six feet of the present residence of said Frances S. Owens, thence running west 106 feet, thence south seventy feet until it strikes the alley, thence along the alley east to the beginning point, . . being a part of the lot on which Frances S. Owens now resides." The plaintiff relied on a deed made by Frances S. Owens to James H. Owens, as trustee for his wife Clara C. Owens, dated March 5, 1870, recorded May 1, 1871, conveying the property " for the sole and separate use of the said Clara Owens during her life, free from the contracts of her present or future husband, and after her death in trust for any child or children she may have." The defendant pleaded that the property was conveyed by I. N. Seymore to Mary P. Seymore on March 5, 1877, and was by Mary P. conveyed to defendant on July 14, 1884, and defendant and her grantor have been in the adverse possession of said lands under written evidence of title for more than seven years, and for this reason she has a prescriptive title; that she has made valuable improvements upon the land in good faith, setting out what they were, and plaintiff, knowing of this, quietly stood by and permitted defendant to expend her money without pretending to question her right of property; and that defendant has paid the taxes on the land for a number of years, and if plaintiff should recover possession, the amount so expended should be refunded, with interest. The pleas were filed August 10, 1891. The jury found for the plaintiff the premises in dispute, and the defendant excepted to the refusal of a new trial:

At the trial Clara C. Owens testified : James H was a son of Frances S. Owens, and is dead. I have three

minor children by him. He and I moved from Griffin to Jackson and from there to the Rock, and moved back here about two years ago. I was not here when the house was built, and do not know when it was built; gave no notice to any one about building. We paid taxes on the place up to the time we moved from here, and Byars came over from Jackson and paid the taxes for one year. We have not paid any taxes since then. We went into possession of the lot under the deed, and cultivated it. James H. Owens was in bad health for a number of years before his death, and unable to do any business. I knew about when the defendant moved on the place; it was about seven or eight years ago. I made no objection to her moving in. I was not here.

Frances S. Owens testified : James H. Owens, my son, moved to Jackson about 1871. I paid the taxes on the property in 1872, and Byars paid them the next year. No other taxes were paid by me or him on the property. I. N. Seymore after he got it planted it down one year in millet, and another year in something else. I do not know what lumber was hauled on the place to build and improve the premises. I told the defendant's son, who was about to commence the work, that he had better move the lumber off; told him it would not do them any good. Defendant has lived on the place since the house was built; she made the improvements. I never said anything to her about building; did not give her any notice not to build.

Defendant testified : Bought the premises, then a vacant lot, from Mrs. Mary P. Seymore, and commenced at once to build a house on it ; moved in the house and have lived there ever since. Have paid taxes on it to both the city and county ever since I bought, except the first year, when Mrs. Seymore paid the taxes. I never knew anything but that my title was good, till served with a declaration the first of this year (1891). During the whole time I owned it and have been in

possession no one ever made any objection to my improving the property; no one ever intimated that I should not improve it, and no one ever gave me any hint that my title would be questioned. I have a son and two daughters. My son helped to build the house. Some of them were on the place all the time. I have occupied it all the time since I bought it from Mrs. Seymore. Mrs. Frances S. Owens lived adjoining me all the time.

Defendant's son testified that he helped to build the house, and had no notice from any person to desist from his work. Her daughters testified that they lived with her from the time she first occupied the place, about eight years ago, and never heard the title questioned until this suit was brought, and that no one objected when improvements were being made. Other testimony was to the effect, that I. N. Seymore took possession about 1874, and fenced the property; and that before the improvements were made it was worth about $5 a year for rent, and now about $5 or $6 a month, the value of the improvements being about $250.

The defendant introduced a deed from I. N. Seymore to Mary P. Seymore, dated March 5, 1877, recorded January 19, 1891, conveying " all that tract or parcel of land situate, lying and being in the county of Spalding and city of Griffin, to wit one vacant lot, corner of 5th street and alley, near Goddard house in the city of Griffin, Ga." Also, a deed from Mary P. Seymore to the defendant, dated July 14, 1884, recorded one day later, conveying the same as the deed just mentioned. Also, receipts for taxes paid to the city and to the State and county, to wit: I N. Seymore for 1881; Mrs. Mary Seymore for 1882, Mrs. Mary Seymore for Elvie Nunnally for 1883 and 1884, and Elvie Nunnally for 1885 to 1890 inclusive. Tax digests of the county showed that the property was returned by I. N. Sey-

more for 1879 and 1880, by Mrs. Mary Seymore for 1882, 1883, 1885 and 1886, and by the defendant for 1889; and that it was not returned in those years by any one else.

The defendant offered as color of title a deed from Hightower, marshal of Griffin, to I. N. Seymore, dated February 3, 1875, purporting to have been made in pursuance of advertisement and sale under an execution for city taxes against Byars, trustee for Hardy Owens, and describing the property as " one vacant lot, corner of 5th street and alley near the Goddard house in the city of Griffin." This deed was rejected for uncertainty in description of the property, which ruling forms one of the grounds of the motion for a new trial. Another ground of the motion is, that the court overruled defendant's objection to the deed from Frances S. to James H. Owens, trustee, the objection being that it did not show title in the plaintiff, except as beneficiary of a trust estate, and that the suit could not be brought by her, but should have been brought in the name of him who held the legal title, or his successor. The motion also contains numerous other grounds alleging error in the charge of the court; but these are immaterial to this report, in view of the decision as contained in the head-notes.

JOHN J. HUNT, and FRANK FLYNT, for plaintiff in error.
STEWART & DANIEL, contra.