Where a verdict has been directed, and there appears any reason why the verdict was demanded, the judgment will not be reversed, notwithstanding there may have been rulings on the trial that might be erroneous. Georgia Power Co. v. Decatur, 181 Ga. 188 (4) (182 S.E. 32).
 DECIDED SEPTEMBER 6, 1947.
This case was previously before us upon demurrers filed by the plaintiff in error to the petition of the defendant in error. SeeProgressive Life Insurance Co. v. Bohannon, 74 Ga. App. 617
(40 S.E.2d 564) for a statement of the pleadings, and the rulings of this court.
At the conclusion of the evidence in the trial court, counsel for the defendant in error made a motion for a directed verdict, which the court granted. The plaintiff in error filed a motion for a new trial, which was later amended by adding 14 special grounds. Exceptions are taken to the judgment overruling the original motion for a new trial as amended.
The pleadings at the trial were substantially the same as when the case was previously before us, with the exception that the plaintiff in error amended its answer and alleged that the creditor still retained the debt of the insured; that the plaintiff paid no consideration for the assignment of the policy, and never assumed the payment of the debt; that the act of the agent in collecting the premiums for the months of April, May, June, 1945, on June 9, 1945, was unauthorized; that because of such collection the association breached the agency contract between the company and association and the policy was rendered nugatory for nonpayment of premiums; and that the defendant had not ratified these acts of the association.
The evidence offered in the trial of the case was substantially as follows: Mrs. Nina Bohannon, the plaintiff, testified that she is the widow of Jim Frank Bohannon. He died on June 21, 1945. Prior to his death he borrowed some money from First Federal Savings 
Loan Association in Dublin, on the home in Eastman; the loan was not paid off at the time of Jim Frank Bohannon's death. She has two daughters, who now reside with her. Since *Page 626 
her husband's death she has continued to make monthly payments to First Federal Savings and Loan Association in Dublin. She is familiar with her husband's signature, and that the handwriting on the check dated 6-9-45 is the signature of her husband. Her husband died as the result of a heart attack. She was not present in Dublin when the insurance policy was transferred and assigned to her, nor did she pay First Federal Savings Loan Association for the assignment. She has not since the death of her husband, or before, signed any of the loan papers made by her husband to the association; nor has she contracted to pay the debt, nor has she applied for administration on her husband's estate. The debt to the loan association was approximately $1875. All funeral expenses were paid. The equity in the home upon which the loan was made was set aside for the plaintiff and her two children as twelve-months' support.
H. R. Regan testified for the plaintiff substantially as follows: that he resided in Eastman, Georgia, and is half owner of Citizens Clearing Bank in Eastman; that he has full charge of the management of the bank's affairs and actually operated the business in 1945; and that the check for $5.37, signed by J. F. Bohannon, dated June 9, 1945, was good at the bank at the time it was given and would have been paid, and was finally paid, by the bank.
F. N. Watkins testified on behalf of the plaintiff substantially as follows: In 1939 he was secretary and treasurer of First Federal Savings Loan Association in Dublin, and as such negotiated a loan to J. F. Bohannon. The note was dated February 5, 1939 for $2600, to be paid monthly; the first monthly installment coming due on the 1st day of February, 1939. As security for the payment of the note, Bohannon gave a deed on his home in Eastman to First Federal Savings Loan Association. That witness has seen the insurance policy dated the 1st day of March, 1945, issued by Progressive Life Insurance Company, insuring the life of James F. Bohannon. The policy was in the association's files for a long time. The witness has seen the check dated June 9, 1945; it was a check for $5.37 for the payment of premiums on the insurance policy for April, May, and June. The check paid up the policy through June to July 1st. The witness stated that it was his endorsement on the back of the check. The check was mailed to the witness by Mr. Bohannon and accepted by the witness *Page 627 
as cash. The check was not deposited in the Dublin Bank until June 30, but Progressive Life Insurance Company was paid at the proper time with the association's check. The association is supposed to collect the premiums and send them in to Progressive Life Insurance Company about the 25th of each month. There is no requirement that the premiums be sent in on the same day that they are collected. The association remits to Progressive Life Insurance Company once a month. The check, dated June 9, was paid by the bank on July 7th. When the witness received the check from Jim Frank Bohannon, there was nothing else to be done but to put his policy in effect. The Savings Loan Association then held the policy for the use and benefit of Jim Frank Bohannon with respect to his loan. The policy was mailed to the witness by Progressive Life Insurance Company from Atlanta. Progressive Life Insurance Company never at any time asked that the policy be returned. They allowed the witness to keep the policy during the months of April, May, and June, and they never at any time asked that it be sent back to them. After Mr. Bohannon died, the question of recovery on this policy came to the attention of the witness. The attorney for Mrs. Bohannon tried to get the association to bring suit on the policy in the name of the association, with the understanding that there would be no expense to the association. This permission was given at one time, but later revoked. A plan was worked out whereby the association would assign its rights to sue this policy to Mrs. Bohannon. Mr. Mackey and the witness signed the assignment. Mrs. Bohannon did not pay First Federal Savings Loan Association any consideration for this transfer nor has she become responsible for the contract in any way by endorsing it or signing any of the papers. The loan stands with the association today just as when it was made, except certain monthly payments that have been made. When the witness undertook to remit to the insurance company for the premiums on the Bohannon policy, they held that payment up. A letter was received from Progressive Life Insurance Company a day or two after the premiums were paid. They sent forms for reinstatement. The insurance company did not contend in that letter that the policy issued on Mrs. Bohannon's life was not in force at that time. Mr. Bohannon was dead at the time the remittance was sent to the insurance company. The check *Page 628 
in which the witness undertook to remit the Bohannon premiums was returned. Progressive Life Insurance Company did not accept the remittance. First Federal Savings Loan Association now had the premiums on the Bohannon policy.
C. C. Crockett testified that he is an attorney living at Dublin, Georgia, and that he represents First Federal Savings and Loan Association in Dublin, as its attorney; that permission was given by the association for Mrs. Bohannon to bring suit on the policy in the name of the association at her expense; that Mr. Dozier, an agent for the insurance company, objected to the handling of the suit in this manner; and that Dozier agreed for the policy to be assigned to Mrs. Bohannon; that no money consideration was paid for the assignment.
The plaintiff introduced as evidence the following documents: a letter dated September 20, 1945, from an attorney of the insurance company in which it denied liability on the insurance policy; the insurance policy, dated March 1, 1945, insuring the life of J. F. Bohannon; check for $5.37, dated June 9, 1945, drawn on Citizens Clearing Bank, Eastman, Georgia, payable to the association for the insurance premium for the months of April, May, and June; security deed note dated January 5, 1939, for the principal amount of $2600, issued to First Federal Savings Loan Association; security deed dated January 5, 1939, between Jim Frank Bohannon as grantor and the association as grantee for a house and lot belonging to Bohannon in Eastman, Georgia, as security for the loan; the certificate from First Federal Savings Loan Association, dated April 1, 1945, showing that Progressive Life Insurance Company had issued a policy of life insurance to James F. Bohannon; the assignment, dated October 22, 1945, wherein First Federal Savings Loan Association assigned to the plaintiff all of its right, title, and interest in and to the insurance issued on the life of James F. Bohannon, with full rights and powers to collect the proceeds of said policy, and to institute a suit thereon.
The only evidence of a substantial nature introduced by the defendant was a copy of the agency contract between the insurance company and First Federal Savings Loan Association wherein it was provided, "That the Savings Loan Association agrees that it will not accept for the company any premiums which are more than thirty (30) days in arrears." *Page 629 
We do not deem it necessary to discuss in detail all the grounds of the original motion for a new trial as amended. The amended motion, with exceptions hereinafter noted, raises questions of law which were adjudicated by this court when the case was previously before us on demurrer. See Progressive Life Insurance Co. v.Bohannon, 74 Ga. App. 617 (supra). The holding of this court, when the case was before us on demurrer, is the law of the case and must be followed.
The only question raised by the amended motion, which has not been previously adjudicated, is whether or not the evidence demanded the verdict.
The evidence offered by the defendant in error supported the material allegations of her petition, and was not disputed by the plaintiff in error or contradicted by evidence of an adverse nature; the plaintiff in error contending throughout the entire case that First Federal Savings Loan Association had no authority under its contract with the plaintiff in error to accept premiums on insurance policies which were more than thirty days in arrears.
Section 110-104 of the Code provides that, "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." In Georgia Power Co. v. Decatur,181 Ga. 188 (4) (supra), it is said: "In a case where a verdict has been directed, and there appears any reason why the verdict was demanded, the judgment will not be reversed, notwithstanding there may have been rulings on the trial that might be erroneous. Any ruling, although wrong, that does not affect the verdict becomes harmless. Another trial will not be ordered when it is manifest that the same verdict and judgment will necessarily result on the second trial."
There being no issue of fact to submit to the jury, it was not error to direct a verdict for the defendant in error. This being true, the judgment of the trial court overruling the motion for a new trial as amended is without error.
Judgment affirmed. MacIntyre, P. J., and Gardner, J.,concur. *Page 630