PARKER *v.* CHEROKEE BUILDING SUPPLY COMPANY.

No. 17376.   MARCH 13, 1951.

*Isaac C. Adams,* for plaintiff in error.
*Hardin & McCamy,* contra.

HEAD, Justice. It conclusively appears from the record that the judgment of June 6, 1949, ordering that the property be sold and that the funds derived from the sale stand in lieu of the real estate, was entered by consent of the parties.

Under the Code, § 67-2301 (3), it is provided: "If any real property on which there is a lien be sold by any process from the courts, the purchaser shall obtain the full title, and the lien shall attach to the proceeds of the sale, upon notice by the party claiming the lien to the officer to hold the money for that purpose until the next session of the superior court."

Although the property was advertised for sale under a judgment which was later vacated and set aside, the trial judge had authority to order that the sale proceed as advertised and that the funds be held in lieu of the property. Under the provisions of the above Code section, the purchaser at such sale obtained the "full title."

The Code, § 110-501, provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause

wherein the judgment was rendered, until such judgment shall be reversed or set aside." See also *Manry* v. *Stephens,* 190 *Ga.* 305 (9 S. E. 2d, 58); *Spence* v. *Erwin,* 200 *Ga.* 672 (38 S. E. 2d, 394); *Hubbard* v. *Whatley,* 200 *Ga.* 751 (38 S. E. 2d, 738).

The court had jurisdiction of the parties and of the subject matter, and the issue was before the court as to whether or not the property should be sold. The judgment directing the sale to proceed, with the funds to stand in lieu of the property, has not been reversed, vacated, or set aside, and that judgment is conclusive on the right of the defendant to thereafter undertake to assert a lien against the property.

The judgment subsequently procured by the defendant on January 18, 1950, which purported to set up a lien against the real estate, was subject to the attack that it constituted a cloud upon the plaintiff's title. When the plaintiff introduced in evidence the judgment of June 6, 1949, ordering the sale, and its deed from the sheriff, the court properly directed a verdict for the plaintiff vacating and setting aside the second judgment procured by the defendant, which purported to establish the defendant's lien as against the real estate.

If error was committed by the trial court in any antecedent ruling, on which error was assigned in the exceptions pendente lite, this would not require the grant of a new trial, since the judgment ordering the property sold precludes any right of the defendant to set up his lien against the real estate. *Eve* v. *Crowder,* 59 *Ga.* 799; *Edwards* v. *Worley,* 70 *Ga.* 668 (2); *Ricks* v. *Redwine,* 73 *Ga.* 273 (2-a); *Nunnally* v. *Owens,* 90 *Ga.* 220 (15 S. E. 765); *Merritt* v. *Jones,* 136 *Ga.* 618, 619 (5, 6) (71 S. E. 1092); *Reeves* v. *Lancaster,* 159 *Ga.* 541 (5) (126 S. E. 480); *Progressive Life Ins. Co.* v. *Bohannon,* 75 *Ga. App.* 625 (44 S. E. 2d, 180).

Whether or not the defendant might have amended his lien-foreclosure proceedings and asserted his claim of lien against funds derived from the sale of the property is not involved in this case.

*Judgment affirmed. All the Justices concur.*