## 45446. MONTGOMERY et al. v. RICHARDS BUILDING MATERIALS, INC. et al.

Pannell, Judge. 1. The provisions of *Code* § 67-2002 that to make good a lien the materialman must commence "an action for the recovery of his claim within twelve months from the time the same shall be due" relates to the action against the contractor rather than an action against the owner to enforce the lien. *Buck v. Tifton Mfg. Co.,* 4 Ga. App. 695, 696 (62 SE 107). This ruling, however, does not so control the meaning of similar language in the Act of 1953 (Ga. L. 1953, p. 544, *Code Ann.* § 67-2004), providing for the discharge of a materialman's lien upon the filing of a bond "conditioned to pay the holder of said lien the sum that may be found to be due him upon the trial of

any action that may be filed by said lienholder to recover the amount of his claim, within twelve months from the time said claim shall become due" so as to make the owner principals and the surety on the bond liable merely because a judgment was obtained agianst the general contractor and in the absence of a judgment in favor of the materialman and against the owners establishing the right to a lien.

2. While it is permissible to concurrently sue the contractor on account in personam, and the owner in rem, to establish the lien (*Jordan Co. v. Adkins,* 105 Ga. App. 157 (1) (123 SE2d 731); *Royal v. McPhail,* 97 Ga. 457 (4) (25 SE 512)) provided there is no jurisdictional impediment (*Mauck v. Rosser,* 126 Ga. 268 (1) (55 SE 32)), and, assuming, without deciding, that a suit naming only the contractor as a defendant and served only on him may not be such a concurrent suit, even though all the elements of such a concurrent action including allegations of fact and prayers for specific relief are included in the original complaint, and assuming, without deciding, that the bringing in of the owners as third-party defendants in a third-party complaint brought by the defendant contractor may not make such owners parties defendant to the plaintiff's claim as to the lien in the absence of an amendment or additional complaint making them such parties (Patton v. B. & O. R. Co., 197 F2d 732, 743. Compare Lommer v. Scranton-Spring Brook Water Service Co., 4 F. R. D. 104); yet where such owners interpose a motion for summary judgment in their favor and against the plaintiff's claim of lien on the sole ground that under the merits of the case the plaintiff is not entitled to a lien and introduce evidence on the issue thus made, the owners by such action waived the filing of an amendment by the plaintiff, assuming one to be necessary, and for the purposes of determining that issue thus raised were parties defendant as to the plaintiff. See Section 14 (a) and Section 15 (b) of the Georgia Civil Practice Act (Ga. L. 1966, pp. 609, 627; *Code Ann.* §§ 81A-114 and 81A-115), and Falls Industries v. Consolidated Chemicals Industries, 258 F2d 277, 283 et seq.

3. There being material issues of fact raised by the pleadings and the evidence adduced on the motions for summary judgment

relating to whether or not the plaintiff was entitled to a lien against the owners so as to recover on the bond given in discharge of the lien, the trial court erred in granting summary judgment in favor of the plaintiff against the third-party defendant owners and the surety on the bond; the trial court did not err, however, in overruling the owners' motion for summary judgment as against the original plaintiff's claim of lien.

4. In view of the fact that the ruling here in effect also rules against the correctness of the rendition of a summary judgment against the surety, the Travelers Indemnity Company, none being authorized against the principal, we direct that this judgment also be vacated. We, therefore, do not rule on the question of whether or not the Travelers Indemnity Company, not designated a party defendant by the plaintiff to the proceedings in the court below, by joining in this appeal rather than bringing proceedings in the court below to set aside the judgment against it, pursued a proper course to secure such relief.

*Judgment reversed in part; affirmed in part with direction. Jordan, P. J., and Eberhardt, J., concur.*

ARGUED JULY 7, 1970—DECIDED SEPTEMBER 8, 1970—
REHEARING DENIED SEPTEMBER 22, 1970.

*Grizzard, Jones, Parker & Simons, Charles D. Read, Jr.,* for appellants.

*Hilliard & Head, H. Garland Head, III,* for appellees.

