### 46512. UNITED BONDING INSURANCE COMPANY et al. v. GOOD-WYNN ELECTRICAL SUPPLY COMPANY, INC.

WHITMAN, Judge. The appellee timely filed and recorded a claim of lien for a certain sum against certain described realty for

material furnished in the improvement thereof. The general contractor, Trans World Builders, Inc., and its surety, United Bonding Ins. Co., filed a "discharge of lien bond" in double the amount of the claimed lien which released the realty from the lien and acknowledged their liability to the appellee for such sum as may be found due it on any action that might be filed to recover on the claimed lien. The appellee did institute such an action and the case was tried without the intervention of a jury with the trial judge finding in favor of the appellee in the amount sought. The appellants appeal from the denial of their motion for a new trial and enumerate the same as error. *Held:*

1. The motion for new trial was made on the general grounds; thus the only question presented is whether the judgment is supported by any evidence.

We have reviewed the entire transcript. There is evidence that specific material of the value alleged was furnished and delivered to the premises and was used or consumed in the improvement thereof. The appellants argue that some portions of the electrical installation work (not the materials) by the electrical subcontractor were unacceptable and had to be torn out and reworked by a different subcontractor; that the material which was torn out could not be reused and cannot, therefore, be considered to have been incorporated into the structure. In other words, it is argued that where material furnished for incorporation into an improvement is wasted or spoiled, the supplier must bear the loss. But no such Georgia precedent has been called to our attention. There is a certain amount of waste material in the erection of any structure. There are two views as to the necessity of actual incorporation of construction materials into a structure as it bears on the validity of a lien therefor. Annot. 39 ALR2d 394. Our statute provides for a lien for "Material furnished." *Code* § 67-2001, as amended. It is necessary to show that specific material of the value alleged was delivered on the property and that it was consumed in the construction of the improvement. *Chambers v. Williams Bros. Lumber Co.,* 80 Ga. App. 38, 43 (55 SE2d 244). Under the evidence in the case before us there is a showing of actual consumption within the meaning of the statute.

2. A lien of the nature involved in this case is provided by law to those who furnish building material having taken no personal security therefor. The law provides the security; the lien is given against the realty itself. The argument is made and accepted in many jurisdictions (Annot. 39 ALR2d 394) that if the realty as finally improved does not contain the material that the realty should not be chargeable with it. But a finding that the realty ought not be charged with a debt is not a finding that the debt is not owing and may go unpaid. In the case sub judice the general contractor and its surety substituted themselves in the place of the realty. They are now the security for the debt. The debt itself does not depend upon the nicety of whether the material was or was not finally incorporated into the improvement. The debt exists if materials were furnished and not paid for. The debt has been proven and is not disputed. .

The trial court did not err in denying the appellants' motion for a new trial.

*Judgment affirmed. Hall, P. J., and Eberhardt, J., concur.*
Argued September 17, 1971—Decided October 5, 1971.

*Johnson, Harper, Daniel & Ward, William W. Daniel,* for appellants.

*Zachary & Segraves, William E. Zachary, Jr.,* for appellee.