48911. THE VECTOR COMPANY, INC. et al. v. STAR ENTERPRISES, INC.

EBERHARDT, Presiding Judge.

The Vector Company, a Tennessee corporation (hereafter Vector) owned a tract of land in Fulton County, Georgia and engaged Torch Construction Company, a corporation of Bibb County, Georgia (hereafter Torch), as general contractor, to build an apartment complex on the tract, which Vector had agreed to and did sell to Atlanta Housing Authority upon completion as a "lock and key" job.

P. A. Gant, d/b/a P. A. Plumbing Company (hereafter Gant), a resident of Clayton County, was engaged by Torch as a subcontractor to do the plumbing work on the job. Star Enterprises, d/b/a National Supply Company (hereafter Star), was engaged in selling plumbing materials and supplies and sold to Gant such as he ordered from time to time for use in the performance of his subcontract, the last of which was delivered May 25, 1971. Gant failed to pay Star for all of the materials and supplies furnished and on June 9, 1971, within the time required by Code Ann. § 67-2002 (2), filed and had recorded in the office of the Clerk of Fulton Superior Court its claim of lien for a balance owing by Gant of $16,103.15.

On February 15, 1972 Torch, as principal, and Employers Commercial Union Insurance Co., as surety, filed and had recorded in the office of the Clerk of Fulton Superior Court a bond in the amount of $32,206.30 for the purpose of discharging the lien claimed by Star against Gant and the property. The bond erroneously named P. A. Plumbing Company (Gant) as the obligee instead of Star, and recited that Gant had filed a claim of lien marked as "Exhibit A attached to and made a part hereof by reference, recorded in Book 5402, page 316, Fulton County Records," and that the bond was being filed for discharging the lien under the provisions of Code Ann. § 67-2004. The copy of the claim of lien attached and which was recorded in Book 5402, page 316 of the Fulton County Records shows on its face that it was the claim of lien filed and recorded by Star and not by Gant. Whether there must be a reformation of the bond is not an issue before us and we do not decide it.

On May 26, 1972 Star instituted in Fulton Civil Court an action against Gant, Vector, Atlanta Housing Authority and Torch, seeking concurrently a judgment against Gant and Torch for the debt alleged to be due, and an in rem foreclosure of its claimed lien against the property and Vector and Atlanta Housing Authority, as owners.

Torch moved on various grounds to be dismissed as a party defendant, and its motion was sustained. That judgment was not appealed.

Vector and Atlanta Housing Authority separately moved for dismissal of the action as to them, urging as grounds that as to them (a) the petition failed to state a claim on which there could be a recovery, (b) that there was a lack of venue in Fulton Civil Court since Gant resided in Clayton County, and (c) that the suit had not been filed within twelve months from the time the debt was due, as is required by Code Ann. § 67-2002 (3).

Gant filed no defensive pleadings, but did file a written consent to the entry of judgment against himself for the balance of the debt, as claimed in the suit, on which judgment against him was granted. Gant does not appeal.

Star contended that there had been an arrangement

between it and Gant, by reason of terms expressed on invoices issued to Gant for the materials and supplies furnished, that the purchase price was due on the 10th of the month following delivery, rather than upon delivery, and thus that its suit filed May 26, 1972 was timely although the last item of materials supplied had been delivered May 25, 1971. It also contended that venue of the court, personal to the defendant, was waived by Gant when he filed the written consent to judgment against himself.

Vector and Atlanta Housing Authority contended that the arrangement for extension of the due date for the purchase price of materials between Star and Gant was ineffective, since neither of them had any notice of it, actual or constructive, and that while the judgment against Gant may be good as between Star and Gant, it cannot adversely affect their interests, citing Code § 24-112, and cases thereunder.

Affidavits and documentary evidence, including copies of the invoices, the claim of lien, and the bond for discharging the lien, were introduced in support of and in opposition to the motions to dismiss by Vector and Atlanta Housing Authority. The motions were treated as for summary judgment, were denied, and they appeal. *Held:*

While the suit against Gant to recover judgment for the debt is an in personam proceeding, as against Vector and Atlanta Housing Authority, as owners, to foreclose the lien it is in rem only. *Buck v. Tifton Mfg. Co.,* 4 Ga. App. 695, 696 (62 SE 107).

When the bond to discharge the lien under Code Ann. § 67-2004 was filed and recorded the bond was substituted for the lien (*Pickett v. Chamblee Construction Co.,* 124 Ga. App. 769 (8) (186 SE2d 123)), and the lien, being discharged, could no longer be foreclosed against the real estate or the owners, though the supplier of materials has a remedy against the bond. This case does not present a situation where the property has been sold under order of the court, as was the case in *Parker v. Cherokee Building Supply Co.,* 207 Ga. 710 (64 SE2d 51), but there is some similarity in that here the supplier of materials is remitted to the bond for his remedy, whereas

in *Parker* it was remitted to the proceeds from the court-ordered sale. In neither instance could a lien be asserted and foreclosed against the property.

Consequently, since, as to Vector and Atlanta Housing Authority, the proceeding was in rem and solely to foreclose the lien, it was error to deny their motions to dismiss as to them. We do not reach other issues sought to be raised since they are rendered moot by this disposition.

*Judgments reversed. Evans, J., concurs. Pannell, J., concurs specially.*

ARGUED JANUARY 11, 1974 — DECIDED APRIL 4, 1974.

*Kaler, Karesh & Frankel, Jerry L. Sims,* for appellants.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Frederick S. Middleton, III,* for appellee.

PANNELL, Judge, concurring specially.

I concur in the judgment only because I am bound by the ruling of the Georgia Supreme Court in the case of *Parker v. Cherokee Building Supply Co.,* 207 Ga. 710, 713 (64 SE2d 51).