## 53835. APEX SUPPLY COMPANY, INC. v. COMMERCIAL UNION INSURANCE COMPANY.

SMITH, Judge.

The appellant, Apex Supply Co., brought suit against Commercial Union Insurance Co. to recover on a bond given pursuant to Code § 67-2004 to discharge a materialman's lien. Summary judgment was entered in

Commercial Union's favor, and Apex appeals. The record discloses undisputed facts which amount to a waiver of the bond; we therefore affirm.

The undisputed facts are as follows. Apex supplied materials to J. & H. Plumbing Co. for several of J. & H.'s jobs. On one of these jobs, J. & H. was a subcontractor for Centenna Construction, who was the general contractor for Brookside Village Project. Centenna paid funds it received from Brookside into two accounts for J. & H., and funds were immediately thereafter transferred to Apex from those accounts. Apex failed to ascertain which of J. & H.'s jobs the funds were for, so the funds were credited to J. & H.'s general account, which excluded the Brookside project. Apex claimed the materials furnished for Brookside were not paid for and filed a lien against the project. The lien was discharged when Brookside as principal and Commercial Union as surety filed a bond. Apex brought suit against J. & H. for the value of materials furnished for Brookside, and a default judgment was obtained. Apex has been unable to collect on the judgment so it brought suit against Brookside and Commercial Union on the bond.

It has long been the law that "[w]hen a materialman is furnishing at the same time material to one contractor for the improvement of property belonging to different persons, and has full knowledge of the separate contracts, and money is paid to the materialman by the contractor from time to time on account of the material so furnished, it is incumbent upon the materialman to keep separate accounts and to find out from the contractor on what contract the money is paid, and to what account it should be applied. If he does not do so, but applies the money as a credit on a general account against the contractor, he thereby waives his right to a lien on the owner's property, and must look alone to the contractor." *Williams v. Willingham-Tift Lumber Co.,* 5 Ga. App. 533, 535 (63 SE 584). This rule applies when the contractor has paid the materialman, with money received from the owner, an amount sufficient to pay in full the materialman for his materials installed in the owner's building. *Dye v. Turner Concrete, Inc.,* 119 Ga. App. 78 (166 SE2d 773). The record shows without dispute a channeling of funds from

Brookside to Centenna to J. & H. to Apex, and the amount which reached Apex exceeded the value of the materials. Apex, by failing to keep separate accounts which would identify the particular job for which the money was paid, has waived its right to a lien against Brookside.

In an action on this statutory bond, Commercial Union, as surety, is entitled to present any defenses which would have existed on an action on the lien. *M. Shapiro & Sons, Inc. v. Yates Const. Co. of the Southeast,* 140 Ga. App. 675 (231 SE2d 497). Thus, just as Apex's rights under the lien were waived, so were its rights under the bond given to discharge the lien. Summary judgment for Commercial Union was therefore proper.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED MAY 2, 1977 — DECIDED JULY 14, 1977 —
REHEARING DENIED JULY 29, 1977 —

*Clein & Heimanson, Neil L. Heimanson,* for appellant.

*Heyman & Sizemore, Robert A. Bartlett,* for appellee.