## 62980. RIVERSIDE PLACE, LTD. et al. v. B & D ASPHALT PAVING, INC.

McMurray, Presiding Judge.

This case involved a foreclosure of a lien against certain real property in the performance of a contract of paving on that property. Suit was brought against a number of parties defendant including the prior owner and the present owner of the real property and others, seeking general and special judgments, expenses of litigation and attorney fees.

The case proceeded to trial before the court without the intervention of a jury, and a judgment was rendered by the court in which the court stated the plaintiff had dismissed the action without prejudice against the present owner, a limited partnership, that reciprocal general releases were to be executed by the plaintiff and a defendant individual and a general judgment was rendered against the defendant corporate general contractor in the amount of $14,370 by stipulation of the plaintiff and the remaining corporate defendants. The court then rendered certain findings of fact and conclusions of law with reference to a document entitled final affidavit and waiver of lien executed by the plaintiff, the court holding there was no consideration flowing to the plaintiff in exchange for the waiver of lien. However, the court determined that the claim of lien was not timely filed and held that the aforesaid lien was void and of no effect. Plaintiff then filed a motion for new trial which was thereafter granted by the trial court.

The case again proceeded to trial based upon a stipulation of facts by and between the remaining two defendants and the plaintiff and with reference to certain portions of the transcript of the first non-jury trial. The stipulation also contains the fact that there was a binding contract regarding the performance of certain work on the premises between the plaintiff, B & D Asphalt Paving, Inc., and the defendant, Place Communities, Incorporated, and the defendant, Riverside Place Ltd., the owner of said property which consented to said contract. There was a substantial compliance of plaintiff with said contract. The last work performed by the plaintiff on said premises was on November 10, 1978. On November 29, 1978, in compliance with a request on November 27, 1978, of the defendant, Place Communities Incorporated, the plaintiff executed an affidavit of proof of payments of all labor, material, taxes, etc., with reference to plaintiff's performance of the work, its employees, subcontractors; and this document was signed in two places entitled final affidavit and waiver of lien, executed by the vice president of the plaintiff for it. Certain testimony of this vice president was stipulated

except that the defendants objected to same as being inadmissible because of the parol evidence rule. Same was admitted over said objection, the testimony being stipulated that the vice president signed the lower portion of said document with reference to the waiver of lien and "he did so because he was promised that he would be paid the full amount due Plaintiff . . . at that time [and] was not paid the full amount of money and was not paid any amount of money due under said contract when he signed the lower portion of said document [the waiver of the lien]." It was also stipulated the contract price was $23,370, $9,000 of which had been paid "leaving the balance of $14,370.00." The parties also stipulated as to the record title being in the defendant Riverside Place, Ltd. and as to when it transferred title to Riverside Associates, no longer in the case. The stipulation also states that a bond to discharge the lien of the plaintiff was signed by the defendant owner, Riverside Place, Ltd., defendant Place Communities, Incorporated, and by others, said bond having been executed by Insurance Company of North America as surety with the two remaining defendants executing same as principals. The condition of the bond was such that should the principal or surety pay to the holder of said lien the sum found to be due upon the trial of the action filed by said lienholder to recover the amount of its claim within 12 months from the time said claim shall become due, the bond would be void, otherwise of full force and effect. The bond was executed to discharge the lien as provided in Code Ann. § 67-2004 (Ga. L. 1953, p. 544; 1972, p. 469; 1981, p. 916). The parties also stipulated that plaintiff's claim of lien against the property owner defendant in the amount due plaintiff under said contract was filed on January 26, 1979, and an amended claim of lien was filed on February 8, 1979, and the action of plaintiff to recover plaintiff's claim of lien and notice thereof were both filed on November 8, 1979.

The trial court then rendered its findings of fact and conclusions of law based upon the above stipulation of facts and the record as stipulated by the remaining parties, same being presented to the court for adjudication instead of the above styled action coming on for a regularly scheduled trial by jury. The trial court then concluded plaintiff is entitled to recover the balance due under said contract ($14,370 being the amount of judgment), the claim of lien and the action to recover the said amount of lien and notice thereof were "timely filed pursuant to the applicable law," and the document entitled "Final Affidavit and Waiver of Lien does not constitute a waiver of the lien of Plaintiff because there was no consideration flowing from Defendant [Place Communities, Incorporated] to Plaintiff in exchange for Plaintiff's signing the lower portion of said document [the said waiver of lien]." Judgment was then entered in

the amount of $14,370, not only against them as defendants but as the principals in the discharge of the lien and against the surety (Insurance Company of North America) on the bond, which bond was substituted for the lien of plaintiff. The defendants appeal. *Held:*

1. The stipulation of facts executed by the parties on which the final judgment is based discloses "substantial compliance . . . with said contract," "last work performed . . . on said premises was on November 10, 1978," the balance due on the contract is $14,370; a waiver of lien was executed on November 29, 1978, but no consideration was paid (the waiver reciting "One Dollar, in hand paid, and other good and valuable consideration"), however, the parol testimony in regard to failure of consideration was admitted over objection; a claim of lien was duly "filed on January 26, 1979 and an Amended Claim of Lien . . . filed on February 8, 1979"; and the action in regard thereto was "filed on November 8, 1979."

There was substantial compliance by the party claiming the lien. *MacLeod v. Belvedale, Inc.,* 115 Ga. App. 444, 445 (1) (154 SE2d 756). The claim of lien, as amended, was filed within three months and the action to recover same was filed within 12 months "from the time the same shall become due." *J. H. Morris Building Supplies v. Brown,* 245 Ga. 178 (264 SE2d 9), rev. s.c., 151 Ga. App. 522 (260 SE2d 358). Compare *Shirah Contracting Co. v. Waite,* 143 Ga. App. 355, 357 (238 SE2d 728), *Adair Mtg. Co. v. Allied Concrete Enterprises,* 144 Ga. App. 354 (241 SE2d 267). The evidence and stipulations authorized the trial court to find in favor of the plaintiff as to statutory compliance with the lien law. *Centennial Equities Corp. v. Hollis,* 132 Ga. App. 44, 45 (3) (207 SE2d 573). The work was satisfactory, accepted and payment due when the lien was filed. See Code § 20-110; *Charter Investment &c. Co. v. Urban Medical Services, Inc.,* 136 Ga. App. 297, 299 (5) (220 SE2d 784).

2. The failure of consideration could be inquired into here, and a finding of satisfaction as to the waiver was not demanded. *Gellis v. B.L.I. Const. Co.,* 148 Ga. App. 527, 535 (251 SE2d 800); *Complete AAA Mfg. Corp. v. Citizens Southern Nat. Bank,* 119 Ga. App. 450, 451 (1) (167 SE2d 734); *Herrington v. Herrington,* 70 Ga. App. 768, 769 (3), 772 (29 SE2d 516).

3. Here a bond was filed, as authorized by Code Ann. § 67-2004, supra, discharging the real estate from the lien, and it was substituted for the lien, and the remedy was against the bond and not the real estate. See *M. Shapiro & Sons v. Yates Const. Co.,* 140 Ga. App. 675 (231 SE2d 497); *Pickett v. Chamblee Const. Co.,* 124 Ga. App. 769, 770 (8), 774 (186 SE2d 123). Thus, when the judgment was obtained against the principals, it was conclusive against the surety and it was proper to include the surety on the bond in entering judgment. *Pickett*

*v. Chamblee Const. Co.,* 124 Ga. App. 769, 770 (8), supra; *Houston Gen. Ins. Co. v. Stein Steel &c. Co.,* 134 Ga. App. 624, 627 (4) (215 SE2d 511). The surety was entitled to present any defenses which would have existed on an action on the lien. *Apex Supply Co. v. Commercial Union Ins. Co.,* 143 Ga. App. 131, 133 (237 SE2d 649). However, the surety has not sought to do so, nor is the surety a party, nor has the surety sought to appeal, and is not here involved. Defendants as principals on the bond cannot raise any issue with reference to the surety or for the surety. For the foregoing reasons there is no merit in any of the enumerations of error contending the trial court erred in rendering judgment in favor of the plaintiff against the defendants, and as principals and against the surety on the bond, which bond was substituted for the lien of the plaintiff.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 2, 1982 —
REHEARING DENIED MARCH 24, 1982 —

*Jeffrey L. Sakas, M. Jerome Elmore,* for appellants.
*Leon L. Campbell, George G. Chenggis,* for appellee.