## 70769. NIXON v. SHOUP.
(335 SE2d 887)

McMURRAY, Presiding Judge.

Plaintiff entered into a contract to do certain plumbing work for defendant. Prior to completion of the project plaintiff ceased work on the project due to the failure of defendant to make certain payments. Plaintiff filed this action alleging an indebtedness for labor and materials furnished, plus interest. Following a verdict in favor of plaintiff, defendant appealed and plaintiff cross-appealed. Defendant's appeal has been withdrawn leaving only the issues submitted by plaintiff's cross-appeal. *Held*:

1. Plaintiff enumerates as error the trial court's failure to enter judgment against defendant's surety. Where, as in the case sub judice, a bond was filed discharging the real estate from plaintiff's lien, the judgment against the principal is conclusive against the surety and it is proper to include the surety on the bond in entering judgment, even though the surety is not a party to the action. *Riverside Place v. B & D Asphalt Paving,* 161 Ga. App. 773, 775 (3) (288 SE2d 730); *Houston Gen. Ins. Co. v. Stein Steel &c. Co.,* 134 Ga. App. 624, 627 (4) (215 SE2d 511). However, it is not clear that the trial court is required to include the surety in the judgment. In the case sub judice, the existence of the bond is discussed in a colloquy between court and counsel; however, the record contains no evidence as to the identity of the surety. Under the circumstances, we find no error in the judgment entered by the trial court which did not include the surety.

2. Although the trial court permitted the jury to return a verdict awarding pre-judgment interest, such was stricken from the judgment upon consideration of defendant's motion for new trial. Plaintiff's action being, in substance, one predicated upon a quantum meruit theory, damages are considered to be unliquidated. The trial court did not err in striking pre-judgment interest. *Noble v. Hunt,* 95 Ga. App. 804 (6) (99 SE2d 345).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED OCTOBER 3, 1985.

*Jack K. Bohler*, for appellant.
*E. Wayne Wallhausen*, for appellee.