SMITH, receiver, *v.* TURNER.

No. 6991. DECEMBER 14, 1929. REHEARING DENIED JANUARY 20, 1930.

*George G. Finch,* for plaintiff. *H. H. Turner,* for defendant.

RUSSELL, C. J. The Lowry Company filed a creditor's bill against J. H. Entrican, seeking to subject described property of which Entrican was alleged to be the owner, known as No. 1468 Mosely Place S. W., in the City of Atlanta, to the claim of duly recorded liens in favor of the petitioner and other materialmen for material furnished Entrican in erecting a house on said premises. It was alleged that Entrican was insolvent and had abandoned the property and stopped work on the house; that as between themselves the claims of materialmen were of equal dignity; and that the defendant owed some part of the purchase-price to Dr. John W. Turner, but, as the claim of Turner was not of record, the petitioner could not state the amount thereof. The appointment of a receiver to preserve the property until the same could be sold was prayed. The court appointed a temporary receiver. The receiver

thereafter filed a petition setting up that H. H. Turner, who designated himself as trustee, was advertising the described premises for sale under the terms of a security deed, which was stated in the advertisement to be recorded; but that the same was not recorded, and the receiver prayed that Turner be restrained and enjoined from exercising any power of sale contained in the unrecorded security deed. A rule nisi issued, and Turner was served and filed an answer in which he set up that he was proceeding to sell the premises under the power contained in a loan deed executed to him by J. H. Entrican, and attached to his response a copy of the loan deed, an agreement referred to therein, and the warranty deed, purporting to be executed subject to the said agreement, from Dr. John W. Turner to J. H. Entrican. It is averred that the rights of the respondent accrued before the rights of any of the petitioners and that such rights are fully referred to in the chain of title of Entrican, under whom all the petitioning creditors claim. From the papers attached to the response it appears that on June 21, 1928, Dr. John W. Turner, H. H. Turner, "trustee for the purposes of this agreement," and J. H. Entrican entered into a writing by which it was agreed that Dr. Turner should deliver to H. H. Turner, trustee, a deed to the lot on Mosely Place, and deposit with the trustee the sum of $2750 to be advanced to Entrican by the trustee as the house (the required specifications of which were set forth in the agreement) was built, $600 for labor, and 50 per cent. of the plumbing and wiring costs, and "approximately $1800 in credit guarantees for material to be used in the construction of the house." It was agreed that Entrican should deposit with the trustee a note for $3750 payable in 90 days to the order of H. H. Turner, trustee, all terms of the note being made a part of the agreement. Dr. Turner guaranteed Entrican that upon the completion of the house according to specifications, Entrican would be able to obtain a loan on the house and lot, if there were no personal objections to Entrican because of matters affecting his good credit, of at least $4250; and if not able to procure such a loan, Dr. Turner would himself place a loan sufficient to make out the difference between what could be obtained and the amount guaranteed. It was further agreed that upon the conclusion of the 90-day period and upon completion of the house, the note "owing to the trustee shall be paid in full from the proceeds of the

loan . . and fee-simple title made to said J. H. Entrican."
By the warranty deed referred to, Dr. John W. Turner, for a consideration of $1000, conveyed to J. H. Entrican the described lot
on Mosely Place, the deed being dated June 21, 1928, and being
in form of the usual warranty deed except for the following sentences: "This deed is made under the terms of an agreement of
even date between the parties, and is subject to all of the terms,
conditions, and agreements of this agreement. Contemporaneously
with the execution and delivery of this deed the grantee herein
shall make and execute a security deed conveying the property to
H. H. Turner as trustee to secure the performance of the agreements of the grantee herein contained in said agreement." The
loan deed referred to above is dated June 21, 1928, and between
J. H. Entrican and H. H. Turner "as trustee under agreement
of even date," and conveys to Turner, in consideration of the sum
of $3750, the premises on Mosely Place, and contains the power
of sale usual in such instruments.

After a hearing the judge of the superior court dissolved a
previous restraining order and refused an interlocutory injunction. In the state of the record this court can not hold that the
judge erred or that he abused his discretion in the matter. It appears from the bill of exceptions that no evidence whatever was
introduced upon the hearing, it being recited that "after considering the pleadings and argument of counsel" the court passed his
order, etc. The original petition was filed by Lowry Company,
with an allegation that there were many lien holders and creditors having claims against the property of the defendant; and there
was a prayer that other creditors similarly situated be allowed
and required to intervene and be restrained from prosecuting separate actions, and that a receiver be appointed. The temporary
receiver filed an intervention or petition asking that H. H. Turner,
trustee, be made a party and required to appear and set up such
right, title, and interest as he may claim, and be restrained from
holding any sale or making any conveyance by virtue of any alleged
power of sale he may claim to have. It appears from the pleadings,
and especially from the answer of Turner and the exhibits thereto,
that he has been invested with title to the property which was improved by the assignor of the petitioner Lowry Company, since June
21, 1928, by virtue of a conveyance from J. H. Entrican, to whom

John W. Turner had conveyed the same property on the same day by a deed which contained the stipulation set forth in the statement of facts. All three of the instruments referred to are contemporaneous and integral parts of the same transaction, each referring to and depending upon the others. This deed was not recorded. So, assuming that the assignor of the plaintiff had a valid claim of lien for the improvement of real estate, it is very apparent that an examination of the records would have disclosed that at the time the work was done or material furnished to Entrican, and indeed until the date of the hearing, the plaintiff was doing work or furnishing material for one who apparently had no interest in the real estate which was being improved. However, neither the allegations of the original petition nor the petition of the receiver state any facts which would have authorized the court to find that Entrican had ever had any title that could be subjected to the lien.

So it is not necessary to say more than that to offset this proof in behalf of the intervenor the original petitioner, who claimed a lien as a materialman, did not show when the lien assigned to it was filed (other than the statement that it was filed within three months after the work was done, without any statement as to when the work was actually done), or for what the lien was claimed, other than the statement that it was for work and labor installing the plumbing in the house in question, without stating when the work was done, or whether it was done by order of the owner, or, if not, what agent of the owner directed the installation; so that as proof in support of a lien the various statements of the petition are too vague and indefinite to have authorized the foreclosure of a lien, and therefore would not have authorized the court to enjoin the sale of the property by the holder of the title to the property said to have been improved, in the absence of an allegation that he had by fraud induced the improvement of his property to the injury and damage of the lienor. There is no such allegation anywhere in the pleadings, and hence the court did not have any such proposition submitted to him. The court did not err in refusing an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*