34618.   PICKARD *v.* GREGORY *et al.*

DECIDED MAY 27, 1953—REHEARING DENIED JULY 1, 1953.

476

*Poole, Pearce & Hall,* for plaintiff in error.

*Norman I. Miller,* contra.

FELTON, J. 1. Grounds 4, 6, and 11 of the demurrer allege that the allegations of the petition relating to agency of the defendant's husband are insufficient and too vague, indefinite, and generalized to support a cause of action. The petition alleges: "That the defendant, Evelyn Elaine Pickard by and through her agent, James S. Pickard, on or about April 12, 1951, obligated to pay petitioners. . . Petitioners further show that the defendant Evelyn Elaine Pickard received and retained the benefit of said fixtures, materials and work and labor as contracted for as aforesaid by and through her said agent, James

S. Pickard, and being her husband." These simple allegations of agency are sufficient in this case as against both general and special demurrers. *Conney* v. *Atlantic Greyhound Corp.*, 81 *Ga. App.* 324, 328 (2) (58 S. E. 2d 559); *Rothberg* v. *Manhatten Coil Corp.*, 84 *Ga. App.* 528, 531 (66 S. E. 2d 390); *Suber* v. *Black*, 168 *Ga.* 439, 441 (2) (148 S. E. 81); *Gibbs* v. *Carolina Portland Cement Co.*, 50 *Ga. App.* 229, 230 (2 f) (177 S. E. 760); *Herrington & Braswell* v. *Garlick*, 27 *Ga. App.* 368 (108 S. E. 304).

2. Grounds 8, 9, and 13 of the demurrer complain that the petition is faulty, because it does not set out "precisely" when the labor and materials were actually furnished and installed in the premises. It is also argued that for this reason the general demurrer to the petition should have been sustained. To support such contention, the plaintiff in error cites *Smith* v. *Turner*, 169 *Ga.* 641 (151 S. E. 368), which held: "So it is not necessary to say more than that to offset this proof in behalf of the intervenor the original petitioner, who claimed a lien as a materialman, did not show when the lien assigned to it was filed (other than the statement that it was filed within three months after the work was done, without any statement as to when the work was actually done), or for what the lien was claimed other than the statement that it was for work and labor installing the plumbing in the house in question, without stating when the work was done, or whether it was done by order of the owner, or, if not, what agent of the owner directed the installation; so that as proof in support of a lien the various statements of the petition are too vague and indefinite to have authorized the foreclosure of a lien." Those facts which the court said were not alleged in that case are alleged in the instant case. Here it is alleged that the defendant contracted, by and through her named agent, on or about April 12, 1951, to pay the plaintiffs a sum certain for the furnishing and installation of a bathtub, a water closet and a basin, and for the installation of a sink furnished by the defendant, in certain property owned by the defendant. It is further alleged that the lien was filed within three months after the furnishing of the material and the completion of the work. The recorded lien attached to the petition as an exhibit shows that it was filed for recording in the Clerk's Office, Fulton Su-

perior Court, on June 13, 1952. The ground of the demurrer was that it was not precisely alleged when the labor and materials were actually furnished and installed in the premises. This demurrer was properly overruled, because it would not be absolutely necessary for the plaintiff to allege the precise minute or hour or day the labor and materials were furnished and materials installed. It would be sufficient to allege that these things took place within such a definite period as would show that the lien was recorded in time, even though the exact date or hour could not be alleged. Even if we construe the demurrer as not meaning the exact day or hour, or eliminate the word "precisely" altogether, the demurrer was properly overruled. *Burkhalter* v. *Burkhalter*, 35 *Ga. App.* 315 (5) (132 S. E. 914).

The remaining grounds of the demurrer are expressly abandoned.

The court did not err in overruling the demurrer.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*