## 51169. DAVIS v. HOOVER-MORRIS DEVELOPMENT COMPANY, INC. et al.

WEBB, Judge.

Thomas Davis, d/b/a D. & G. Construction Company, filed his complaint against East Carolina Construction Company, Hoover-Morris Development Company, Inc., and Great Southern Development Corporation seeking a general judgment against all de-

fendants and the enforcement of a subcontractor's or laborer's lien on property owned by the two development companies. Davis alleged that he had entered into a contract with East Carolina Construction Company to perform framing work for the improvement of the realty and had not been paid.

The case came on for trial, and judgment was taken against East Carolina for failure to appear. The case was continued as to the development companies, who subsequently filed their motion for summary judgment. The grounds of the motion were that the suit to foreclose the lien was an in rem action only as to the owner companies; that a bond to discharge the lien under Code Ann. § 67-2004 had been filed and recorded; that the bond was substituted for the lien, which was thus discharged; and that the lien could no longer be foreclosed against the property or the owners.

A certified copy of the bond was attached to the motion as an exhibit, showing the principals to be Larry Morris and Duane Hoover rather than the owners or contractor as specified by Code Ann. § 67-2004. After the motion was filed, plaintiff filed an amendment to the complaint asserting that the bond had been filed and that it "substituted for and takes the place of the aforementioned lien." The prayer for the lien against the realty was deleted, and in its place a prayer for a special lien against the bond was substituted.

The trial court granted the owners' motion for summary judgment, and plaintiff appeals. *Held:*

1. When plaintiff filed his amendment to the complaint, he abandoned his claim of lien against the realty and asserted instead a claim of lien against the bond. Since the owners were not parties to the bond, no claim remained against them and judgment was properly entered in their favor. *Vector Co. v. Star Enterprises,* 131 Ga. App. 569 (206 SE2d 636). Whether or not plaintiff may proceed against the principals and surety on the bond, who are not parties to this suit, or whether the bond should be reformed, are questions which are not now before us.

2. Plaintiff cannot recover a general judgment against the owners of the improved property since he had

no contractual relationship with them. *Gignilliat v. West Lumber Co.,* 80 Ga. App. 652, 658 (2) (56 SE2d 841).

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED OCTOBER 6, 1975 — DECIDED NOVEMBER 5, 1975.

*Dock H. Davis, Wayne B. Mangum,* for appellant.
*Somers & Altenbach, David D. Rawlins, Fred L. Somers, John W. Gibson,* for appellees.