63186. LINCO CONSTRUCTION COMPANY, INC. et al. v. TRI-CITY CONCRETE, INC. et al.

DEEN, Presiding Judge.

This appeal consolidates cases in which the appellees Tri-City and Gambill d/b/a Chattanooga Concrete as materialmen respectively sued Linco, the prime contractor of a housing project owned by Summerville Properties, Ltd. Each plaintiff filed a materialmen's lien against Summerville as owner, Linco as prime contractor and Mid-State Concrete, Inc. as subcontractor. This appeal deals only with Tri-City's case on the assumption that the Gambill case will be controlled by that decision. Linco made bond with the defendant USF&G Co., the co-defendant, as surety, thus discharging the lien. The appellee then filed a complaint in compliance with Code § 67-2002 (3) against Linco and its surety. As amended, the complaint alleges that the plaintiff's contract was with Linco and that it billed Linco until on Linco's orders it changed the billing to a new subcontractor, Mid-State, a bookkeeping device to aid Linco in keeping track of the work, under an express oral agreement with Linco that it alone would be contractually liable for materials furnished and that no credit was being extended to any

third party; that under this agreement bills during the latter part of the construction were made out to Mid-State Concrete. That company, a nonresident of the state, left before completion of the work. Linco assured the plaintiff that it would pay for the concrete.

Upon the trial of the case these allegations were supported by testimony that Linco officers had agreed prior to as well as after the furnishing of the cement that Linco would see it was paid for. A jury verdict was returned in favor of the plaintiff for the amount sued for.

1. It is the prime contention of the appellant that because the materialmen's lien as filed names not only the owner and prime contractor but a subcontractor, Mid-State Concrete, Inc. and because the original action filed by the appellee alleged that the plaintiff furnished concrete to Mid-State, for which Mid-State in accordance with its agreement pledged itself to pay, plaintiff can collect only from Mid-State, which is not a party to this suit. Its further contention is that the amendment deleting the allegations relating to Mid-State should not have been allowed, that it amounted to an amendment to the claim of lien, that it was an admission in judicio precluding the plaintiff from recovering from Linco, and that a motion to conform the pleadings to the evidence "if that be necessary, in any point where they may differ" was erroneously granted. We will deal with these objections in inverse order. As to the motion to conform, we are not pointed to any area where the grant of the motion affected the pleadings (which had already been filed) or the evidence already given, and consequently find nothing to rule on. Secondly, as to the original pleadings in this case relating to Mid-State, which were stricken by amendment, the rule is that statements are admissions in judicio while they remain in the pleadings. After they are stricken they may be offered in evidence by the opposite party as a contradictory statement, but they are no longer absolutely binding. "In ordinary suits all averments made in a petition by which a plaintiff seeks to establish his own rights are binding upon him *until and unless stricken by amendment* with the result that he is powerless to dispute them." *Mitchell v. Arnall,* 203 Ga. 384 (8) (47 SE2d 258) (1948). (Emphasis supplied.) The stricken admissions in the present case were not offered in evidence, and did not, after being stricken, remain binding on the pleader.

The amendment to the complaint was not an attempt to amend the claim of lien. The original lien as recorded named the owner, contractor and subcontractor on the project and alleged in the statutory language that the materialman had not been paid. The petition, however, named only Linco and its surety. No attempt was ever made to amend the claim of lien, for which reason *Shirah Contracting Co. v. Waite,* 143 Ga. App. 355, 357 (238 SE2d 728)

(1977) has no application.

The amendment to the petition dropped the allegations of a contract to supply concrete by Mid-State to Tri-City with a corresponding obligation on Tri-City to pay Mid-State, and substituted statements that after the first supplier ceased functioning Linco was obtaining a new man from Tennessee; that it was agreed that Linco would continue to make payment as in the past but that the billing would be made to the new outfit simply as a convenience to Linco to enable it to keep track of the work done by the new man, Shehea. In the first place, no objection was made to the amendment, nor would such a one have been valid if made. The thrust of the amendment and the supporting evidence (which included testimony by the plaintiff to that effect and also, in part, from one of the defendant's officers) was that the plaintiff's first contract was with Linco and that it continued to be so, with Linco the entity with which Tri-City contracted and to whom it looked for payment, and with the subcontractor Mid-State acting in an agency position for Linco by billing direct. The complaint in a lien action seeking an in personam judgment for material furnished and also foreclosing on the lien is a complaint which may be amended like any other pleading under the provisions of the Civil Practice Act. The lien, which is the subject of foreclosure, from the plaintiff's point of view is a necessity only because it affects the owner's property where the materialman has no contract with the owner. Where, as here, the defendant with whom the materialman does have a contract posts bond this discharges the lien so far as the owner and the property are concerned. There is no longer anything to be foreclosed on, and the plaintiff's action is from then on strictly in contract and in personam against the contractor with whom it dealt. Code § 67-2004; *Vector Co. v. Star Enterprises,* 131 Ga. App. 569, 571 (206 SE2d 636) (1974); *Davis v. Hoover-Morris Development Co.,* 136 Ga. App. 446 (1) (221 SE2d 656) (1975). It does not, however, penalize the contractor. In so providing "the intent of the legislature was to have the bond serve as a replacement for the lien — and not to establish a new and different procedure limited to the bond. Certainly, in doing so, the legislature did not intend to deprive the owner or contractor of those defenses which would have been available to defeat foreclosure of the lien. In short, the intention was to have the bond as a security to stand in the place of the lien so that the lienor still had to show a compliance with the lien law and the lienee could in a suit on the bond use as defenses those which would have been available to a lien foreclosure." *M. Shapiro & Sons v. Yates Const. Co.,* 140 Ga. App. 675, 677 (231 SE2d 497) (1976).

The plaintiff here did not, by naming the subcontractor as well

as the contractor in the lien filing, deprive itself of the right to amend the complaint subsequently filed, nor did it deprive itself of its right to make out a cause of action on the debt against the prime contractor if in truth this was the corporation with which it contracted. Linco, on the other hand, was of course entitled to its defense if it could prove it to the satisfaction of the jury that the contract was not in fact made with itself but with the subcontractor against whom service was never perfected. The complaint as amended alleged that Linco was the principal, and this in effect placed the subcontractor who took over the actual billing in an agency position. It is always permissible to sue the principal without joining the agent. Linco's defense was not that it could not be sued if Mid-State billed the plaintiff while acting as its agent, but that it could not be sued if Mid-State was the party with whom the plaintiff contracted. This is a matter of proof only. It was not deprived of any defense by the allowance of the amendments.

2. The order on a motion for summary judgment is mooted by verdict and judgment. *Campbell v. Mutual Service Corp.,* 152 Ga. App. 493 (263 SE2d 202) (1979).

3. There was no error in admitting delivery tickets, which contained evidence relative to the supplier's claim. The fact that they were billed to Mid-State rather than to Linco was, as set out above, explained by testimony that Linco who was responsible for the bills requested this form of billing.

4. A pretrial order entered some eleven months prior to the trial and listing documentary evidence to be offered stipulated that it should not be amended "except by consent or by order of the Court to prevent manifest injustice." On this basis, the court sustained the appellee's objection and excluded from evidence a contract between Linco and Mid-State Concrete Company. Previous to the order on pretrial the defendant had furnished a copy of this contract to the plaintiff. Counsel argued to the court that he had not requested the contract to be included through inadvertence, but offered no reason either to the trial court or this court as to why its omission would be a manifest injustice. We accordingly cannot hold as a matter of law that the exclusion of the document was an abuse of the court's discretion.

5. The court charged on request that if the jury should find that certain officers of Linco acting for the company used such language as "I will see you paid" and the plaintiffs extended credit accordingly, Linco would be bound but the mere agreement to answer for the debt of another would have to be in writing to be binding. The objection was that the court should have instructed the jury to consider whether "this was an original conversation between the parties prior to the contract or whether . . . subsequent to original contract." The instruction made this distinction sufficiently clear with the words,

"and the plaintiffs extended credit accordingly," and the alternative phrasing "answer for the debt of another" which would have had to be a subsequent commitment. We find no error.

6. The evidence, although contradicted in part, was sufficient to support the verdict.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 5, 1982.

*Archibald A. Farrar, Jr.,* for appellants.
*Robert E. Surles,* for appellees.

