70961. NORTH v. WAFFLE HOUSE, INC.
(338 SE2d 750)

CARLEY, Judge.

Appellant subcontractor entered into an agreement with Fountain Oil Co. to prepare two adjoining tracts of land for construction

thereon. One tract was owned by Fountain Oil Co. and the other by appellee Waffle House, Inc. (Waffle House). When appellant was not paid by Fountain Oil Co., he filed a claim of lien upon "premises of Fountain Oil Co." However, the premises as described in the lien also included the neighboring property of Waffle House. Subsequently, appellant filed a second claim of lien. This lien was filed against the property belonging to Waffle House, named Waffle House as the owner and described only Waffle House's premises. After the second claim of lien was filed, Fountain Oil Co. filed a release bond. Fountain Oil Co.'s release bond referenced the first lien and contained the same property description as that set forth in the first claim of lien. When appellant subsequently sought foreclosure on the second lien, Waffle House moved for, and was granted, summary judgment. The trial court found that appellant had but one claim, that the property of Waffle House had been included in the descriptions of both liens, and that Fountain Oil Co.'s bond, which also covered the property of Waffle House, discharged Waffle House's land from the lien. Appellant appeals from the grant of summary judgment in favor of Waffle House.

1. Where a statutory bond has been provided to release realty from a recorded lien, it is still incumbent upon the lien claimant who brings suit against the principal and surety on the bond to prove entitlement to the underlying lien. *M. Shapiro & Sons v. Yates Constr. Co.*, 140 Ga. App. 675 (231 SE2d 497) (1976). A materialman's lien cannot be enforced against realty which is not the property of the alleged owner to whom labor or materials were furnished. *Smith v. Turner*, 169 Ga. 641 (151 SE 368) (1929). To the extent that a debtor has no interest in the premises, a judgment fixing a lien thereon is harmless. *Porter v. Wilder & Son*, 62 Ga. 520 (1879). The first lien did not, therefore, attach to the Waffle House property, in which property Fountain Oil Co., named as the only owner in the claim of lien, had no interest.

The lien release bond provided for by OCGA § 44-14-364 serves as a replacement for the lien to which it refers, and does not authorize a new and different procedure limited to the bond or result in additional rights. *M. Shapiro & Sons v. Yates Constr. Co.*, supra; *Linco Constr. Co. v. Tri-City Concrete*, 161 Ga. App. 174, 176 (1) (288 SE2d 125) (1982). Because the first lien itself had no effect on Waffle House's property, the bond releasing it was necessarily also without effect on that property. The first lien not having attached to Waffle House's property and the second lien not having been released, the trial court erred in granting Waffle House's motions for summary judgment.

A practical consideration also demands that we reach this result. Claims of lien and lien release bonds are indexed under the name of

the property owner. If a lien could attach to property against one not named as owner, the difficulties arising with respect to constructive notice would be insurmountable.

2. In view of our reversal of the judgment of the trial court, appellee's motion pursuant to Rule 26 (b) seeking the imposition of a penalty for frivolous appeal must be denied.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 3, 1985.

*J. Ed Segraves*, for appellant.
*J. Thomas Vance, J. Michael Upton*, for appellee.