74654. BURGESS v. TRAVELERS INDEMNITY COMPANY.
(363 SE2d 308)

SOGNIER, Judge.

James R. Burgess III, a subcontractor, filed a claim of lien against property owned by Grant Laboratories, Inc., for amounts owed Burgess by Seaco Builders, Inc. (Seaco), the general contractor. Seaco obtained a bond from the Travelers Indemnity Company (Travelers) to discharge the lien pursuant to OCGA § 44-14-364. After Burgess obtained a judgment against Seaco on its cross-claim in an action filed by another supplier against Burgess, Seaco and others, Burgess initiated this action against Travelers to recover on the bond. The trial court granted Travelers' motion to dismiss, and Burgess appeals.

OCGA § 44-14-361.1 (a) provides in pertinent part that "[t]o make good [mechanics' and materialmen's liens], they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective or enforceable: . . . (3) The commencement of an action for the recovery of the amount of [the party's] claim within 12 months from the time the same shall become due. In addition, at the time of filing such action, the party claiming the lien shall file a notice with the clerk of the superior court of the county wherein the subject lien was filed. . . ."

It is uncontroverted that appellant did not file the notice required by OCGA § 44-14-361.1 (a) (3). Notwithstanding that failure, and the fact that such notice is a prerequisite to foreclosure of the *lien, Hancor, Inc. v. Fleming Farms*, 155 Ga. App. 579 (271 SE2d 712) (1980), appellant contends the trial court erred by dismissing his complaint to recover on the *bond*. Appellant concedes that, in general, where a bond is filed to release a lien pursuant to OCGA § 44-14-364, a principal and surety are entitled to present any defense to an action on the bond which would have been available as a defense to the lien foreclosure. *M. Shapiro & Sons v. Yates Constr. Co.*, 140 Ga. App. 675, 677 (231 SE2d 497) (1976). In *M. Shapiro & Sons*, however, affirmative defenses were raised by the contractor which went to the merits of the claim. Appellant asserts that we have never held that failure to fulfill the technical notice requirement in question here (filing notice in the county where the *lien* was filed) is a valid defense in a suit to recover on the bond which discharged the lien. We find persuasive appellant's argument that this defense is inapplicable in factual situations such as the one sub judice and reverse.

We have held that the purpose of the notice requirement in OCGA § 44-14-361.1 (a) (3) is to protect persons dealing with the real estate against which the lien was claimed. *Amafra Enterprises v. All-Steel Bldgs.*, 169 Ga., App. 388, 389 (1) (313 SE2d 110) (1984). Once the bond has been filed, the real estate has been released from the lien, and the action against the contractor has no further significance to persons interested in the property since, although defenses as to the lien foreclosure can be raised in an action on the bond, no judgment rendered in a successful action against the contractor on the bond can reach the real estate.

" ' "In construing a statute, wherever the intention of the legislature can be discovered, it should be followed with reason and discretion, though such construction should seem contrary to the letter of the statute." ' In reaching a correct result in this case we are not unmindful that, where the language of an Act is plain and unequivocal, judicial construction is not only unnecessary but is forbidden. [Cit.] However, even though the literal language of an Act may be plain and unequivocal it is the duty of the courts, in determining the legislative intent . . . to refrain from ascribing to the legislature a wholly unreasonable intention or an intention to do a futile and useless thing. [Cit.]" *City of Jesup v. Bennett*, 226 Ga. 606, 608-609 (2) (176 SE2d 81) (1970). In this case, construing OCGA § 44-14-361.1 (a) (3) to mean that the notice designed to protect persons interested in the real estate against which the lien was claimed is a necessary precondition to a suit on a bond, where the real estate can no longer be affected, is not only "wholly unreasonable," but "futile and useless" as well, and we decline to so interpret the statute.

Nothing in our holding in *M. Shapiro & Sons,* supra, or *North v. Waffle House,* 177 Ga. App. 162, 163 (1) (338 SE2d 750) (1985), cited by appellee, requires a contrary result. The general language employed in *M. Shapiro & Sons* was appropriate to the factual situation of that case. As the contractor there had defenses to the merits of the claim, it would be manifestly unjust were he unable to assert those defenses merely because a bond had been filed to release the lien. The circumstances are entirely different in the case at bar, where the defense raised is a technical defense whose purpose can no longer be served by its assertion. Although *North* did involve a suit on a bond, our decision in that case was premised on the fact that, for technical reasons, the real estate in question had not been released from the lien. Thus the factual situation in *North* was totally inapposite to the case at bar.

We hold that, under the circumstances presented here, appellant's failure to file the notice required under OCGA § 44-14-361.1 (a) (3) was not a bar to a recovery in a suit against appellee on the bond, and the trial court erred by granting appellee's motion to dismiss for failure to state a claim. See generally *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974).

*Judgment reversed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur specially, prompted by the various views expressed in *M. Shapiro & Sons v. Yates Constr. Co.,* 140 Ga. App. 675 (231 SE2d 497) (1976), which I believe we are actually modifying in the instant decision. By the same token, a modification of *North v. Waffle House,* 177 Ga. App. 162 (338 SE2d 750) (1985) results.

The purpose of the bond is to free up the land for conveying or encumbering without the baggage of the lien. It operates on the title to the land, removing a barnacle. It is instigated by the landowner or the general contractor who are permitted, by statutory authority since 1953, to substitute the bond for the lien insofar as the property is concerned. It dissolves the lien and the strictly construed technical procedure carried by this extra-common-law device constructed to protect suppliers and laborers on the property in addition to the straightforward contractual cause of action on the debt. Since it eliminates that statutory creature, it wipes out also the prerequisite for its enforcement, that notice of *it* (the lien, not the claim for work done or materials supplied) be filed.

But obviously it does not destroy the defenses to the claim; the money is still owed. It jettisons the barnacle, baggage (i.e., procedural requirements) and all. What is left is a claim on the *bond,* and the statute does not require notice of *it* to be filed. Defenses to enforce-

ment of liens as liens would go out with the lien. Defenses on the bond *could* include that the work was never done or the materials never supplied, i.e., that plaintiff's claim is outside the bond coverage to begin with. A different res is substituted, and a different procedure for reaching that res.

By choosing to substitute a bond for the lien, the owner or general contractor gives up those defenses it would have had to foreclosure of lien which relate to the technical procedure for establishing and foreclosing on a lien, but not those defenses which relate to the underlying claim itself. The establishment of the lien does not establish the claim for non-payment. The lien is just a way to collect on the claim for non-payment, providing a res against which the claim can be satisfied. The bond provides a different res. In either event, landowner or general contractor could defend and say the money is not owed it in the first place.

Why should a subcontractor who had had a lien be required to file notice of lien foreclosure per OCGA § 44-14-361.1 when the lien had already been extinguished by the owner's filing of a bond as a substitute for the lien and the subcontractor's other suit was not a lien foreclosure? As expressed in the opinion, no reason reveals itself.

Burgess' lien is unenforceable not because it failed to file notice of suit, but because it was extinguished, by choice, via the owner's filing of the surety bond in its place. Burgess' cross-claim in DeKalb on the underlying debt was commenced *after* the lien had been extinguished by the owner's choosing the option of substituting a bond for the barnacle on the property's title.

DECIDED NOVEMBER 12, 1987 —
REHEARING DENIED NOVEMBER 25, 1987 — 

*James A. Mackay, Philip B. Cordes*, for appellant.
*Robert A. Freyre, R. Chris Irwin*, for appellee.