37501. FOWLER *v.* ROXBORO HOMES, INC., *et al.*

TOWNSEND, Judge. 1. Lien statutes, being in derogation of the common law, must be strictly construed. *Cowart* v. *Reeves,* 80 *Ga. App.* 161 (55 S. E. 2d 911). The materialman's claim of lien filed for record must be in substance in the language of Code (Ann.) § 67-2002 (2). Under this statute the statement that the lien is claimed "upon certain premises or real estate of Roxboro Homes, Inc." is an allegation that Roxboro

Homes, Inc., is the owner of the real estate for the improvement of which the labor and materials were furnished. *Ford* v. *Wilson*, 85 *Ga.* 109, 114 (11 S. E. 559).

2. After setting out in the first paragraph thereof a claim of lien in the language of Code (Ann.) § 67-2002(2), the instrument contains the following: "The amount for which Fowler Cabinet & Supply Company is claiming this lien against Roxboro Homes, Inc., is $535.00, and now within three months since the same was done at the instance of George F. Cooper (owner), the undersigned records this lien." This sentence again designates Roxboro Homes, Inc., as the only entity against whom the lien is claimed. The parenthesized word "Owner" following the name "George F. Cooper" is merely descriptive of that person and does not constitute an allegation that Mr. Cooper is the owner of the property upon which the lien was claimed. See *Broxton Artificial Stone Works* v. *Jowers*, 4 *Ga. App.* 91 (60 S. E. 1012).

3. It follows that where the plaintiff in error as a materialman filed a claim of lien for work done and materials furnished on certain described real estate, alleging that it was the "premises of Roxboro Homes, Inc." and that the plaintiff is claiming "this lien against Roxboro Homes, Inc." an action filed thereon to foreclose the lien, and naming as defendants Roxboro Homes, Inc., alleged to be the entity with which the plaintiff contracted, and George F. Cooper, alleged to be the owner of the premises, the petition does not, against general demurrer of the defendant Cooper, state any cause of action as to him. *Wilson Mfg. Co.* v. *Chamberlin-Johnson-DuBose Co.*, 140 *Ga.* 593 (79 S. E. 465) is not pertinent to this question, its holding being to the effect that where the person authorizing work to be done on real estate against which a lien is claimed is alleged to be the owner, any interest that person has in the property may be subjected to the claim.

The trial court did not err in sustaining the general demurrer and dismissing the case as to George F. Cooper.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 16, 1959.

*Bullock, Yancey & Mitchell,* for plaintiff in error.
*Edward E. Carter, James H. Archer, Jr.,* contra.