## 56809. A & A HEATING & AIR CONDITIONING COMPANY v. BURGESS et al.

BANKE, Judge.

The appellant, A & A Heating and Air Conditioning Company, sued to foreclose on a materialman's lien. The trial court granted summary judgment to the appellee, Columbus Square Shopping Center, and the appellant appeals.

1. In filing its lien, the appellant named Columbus Square, Inc., a previous owner, as owner of the property rather than Columbus Square Shopping Center, the present owner. The lien was correct in all other respects. Based on this error, Columbus Square Shopping Center moved for summary judgment and introduced an affidavit and a certified copy of its property deed from Columbus Square, Inc., in support of the motion.

Code Ann. § 67-2002 provides that a failure to comply with any of its provisions results in an ineffective lien. Section 2 of that statute requires that the name of the owner of the real estate on which the lien is claimed be stated. The courts of this state have consistently held that

when a lien is filed in the name of a person or entity other than the correct owner's name, the lien is void. See *Nix v. Luke,* 96 Ga. App. 123 (99 SE2d 446) (1957); *Fowler v. Roxboro Homes,* 98 Ga. App. 829 (107 SE2d 285) (1959).

The appellant, citing foreign authority, has asked this court to adopt a less technical rule for situations such as this where the error in filing the lien has not resulted in any prejudice to subsequent purchasers, existing lienors or mortgagees. The Georgia cases cited above concern factual situations very similar to the one here (no subsequent sale of property to a purchaser in good faith and notice of the lien received by the true defendants) and they are binding precedent on this court. See Rule 26 (c), Rules of the Court of Appeals.

Furthermore, as this court held in *Williams v. Ray,* 146 Ga. App. 333, 334 (246 SE2d 387) (1978), " '. . . [E]ven those who regard "stare decisis" with something less than enthusiasm recognize that the principle has even greater weight where the precedent relates to interpretation of a statute. Once the court interprets the statute, "the interpretation . . . has become an integral part of the statute." [Cits.] This having been done, any subsequent "reinterpretation" would be no different in effect from a judicial alteration of language that the General Assembly Itself placed in the statute.' [Cits.]" Thus, notwithstanding the possible desirability of the rule urged by the appellant, we are foreclosed from consideration of it at this time.

2. The appellant contends that the appellee waived its defense that the owner of the property was incorrectly stated on the lien by not raising it in its answer. This defense is not among those which Code Ann. § 81A-108 (c) requires to be affirmatively pled. The appellant's contention is therefore without merit.

The evidence submitted by the appellee in support of its motion for summary judgment conclusively established the prior transfer of the property to Columbus Square Shopping Center. Accordingly, the trial judge did not err in granting the appellee's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED NOVEMBER 13, 1978 — DECIDED FEBRUARY 1, 1979.

O. *Wayne Spence,* for appellant.
*Hatcher, Stubbs, Land, Hollis & Rothschild,*
*Barrington J. Vaught,* for appellees.