58178. J. H. MORRIS BUILDING SUPPLIES v. BROWN et al.
58179. J. H. MORRIS BUILDING SUPPLIES v. WILLIAMSON et al.
58180. SHUMAN OWENS SUPPLY COMPANY v. WILLIAMSON et al.
58181. SHUMAN OWENS SUPPLY COMPANY v. BROWN et al.

McMURRAY, Presiding Judge.
These four cases involve the foreclosure of liens brought by materialmen seeking judgments in stated

amounts in which claims of lien were filed with reference to materials supplied for construction of dwellings on defendants' lands. Plaintiffs maintain that the claims of lien were timely filed within the three-month statutory period. It is averred that the contractor absconded without paying plaintiffs for the materials and cannot be located within the State of Georgia. Defendants answered denying the claims in that the sums paid to the contractor and the other sums paid for completion of the work exceed the contract price. They also claim that the claims of lien filed by the plaintiffs do not specify the dates that the amounts claimed under the liens were due thereby resulting in ineffective liens. Two of the claims of lien filed by the materialmen state they were claimed "within the time permitted by law," further setting forth the amount and against the buildings, premises and real estate (therein described) of the defendants. Two of the claims merely set forth the names of the materialmen, the amounts of the liens claimed against the buildings, premises and real estate of the defendants therein fully set forth. In each case the claims of lien were attached to the petitions seeking judgments, said actions having been filed within 12 months from the time the amounts claimed allegedly became due. The pleadings also show that the claims of lien were filed for record within three months after the defendants became obligated to pay plaintiffs.

Whereupon, in each of these cases defendants filed motions for judgment on the pleadings on the grounds that the defendants are entitled to judgment. After a hearing the trial court held that the plaintiffs failed to comply with Code Ann. § 67-2002 (as amended by Ga. L. 1977, pp. 675 et seq.) "in that said lien filed by the Plaintiff[s] does not specify the date that the amount claimed under the lien was due thereby resulting in an ineffective lien." The trial court further held in each case that the purported liens on defendants' respective properties were null, void and of no force and effect, and the clerk of the superior court was ordered to cancel said liens of record. Judgments were entered in favor of the defendants against the plaintiffs, and the various plaintiffs appeal in these cases. *Held:*

1. A materialman's lien is a creature of statute and

as such is in derogation of the common law and lien laws are to be strictly construed. See *White v. Aiken,* 197 Ga. 29, 33 (28 SE2d 263); *Shirah Contracting Co. v. Waite,* 143 Ga. App. 355, 356 (1) (238 SE2d 728). Consequently when the claim of lien as filed fails to comply with the provisions of said statute the purported lien is ineffective. See in this connection *A & A Heating &c. Co. v. Burgess,* 148 Ga. App. 859 (253 SE2d 246), in which the claim of lien filed cited a previous owner as the owner of the property on which a lien was claimed. This court therein stated that section 2 of the statute (Code Ann. § 67-2002, supra) requires the name of the owner of the real estate on which the lien is claimed to be stated. It is apparent that based upon Code Ann. § 67-2002 (2), supra, and the decision in *A & A Heating &c. Co. v. Burgess,* 148 Ga. App. 859, 860, supra, the trial court was of the opinion that since the claim of lien filed for record did not show the date of completion of the work or the furnishing of such materials the claim of lien was ineffective and therefore null and void.

2. However, the General Assembly in the adoption of this statute as amended set forth in its infinite wisdom a form stating clearly that the "claim shall be in substance" as to the form. The form therein clearly specifies that the *named materialman* "claims a lien in the amount of (specify the amount claimed) on the house, . . . the premises or real estate on which it is erected or built, of [the owner] (describing the houses, premises, real estate . . .) for satisfaction of a claim which became due on (specify the date the claim was due) for building, repairing, improving, or furnishing material (or whatever the claim may be)." While the original statute (Code § 67-2002) did not require that the claimant "specify the date the claim was due" nevertheless the statute as now amended and which was in effect at the time the claims of lien were filed did require that the claimants specify the dates the claims were due. As this statute is in derogation of the common law it must be strictly construed and followed. The claimants failed to do so here rendering the claims of lien ineffective. The trial court did not err in granting the motions for judgment on the pleadings.

*Judgments affirmed. Banke and Underwood, JJ.,*

*concur.*

SUBMITTED JULY 12, 1979 — DECIDED SEPTEMBER 4, 1979 —
REHEARING DENIED SEPTEMBER 26, 1979 —

*Kenneth S. McBurnett,* for appellants.
*James R. Kobleur,* for appellees (Case Nos. 58178, 58181).
*J. Noel Osteen,* for appellees (Case Nos. 58179, 58180.)