A91A2160. HOFFMAN ELECTRIC COMPANY, INC. et al. v. CHIYODA INTERNATIONAL CORPORATION.
(417 SE2d 371)

Judge Arnold Shulman.

This is an appeal from the grant of a motion for summary judgment for the appellee, Chiyoda International Corporation, in an action for declaratory relief filed by it against the appellants. The appellants, consisting of Hoffman Electric Company and 21 other suppliers of labor or material, filed claims of lien against property owned by the Georgia Ports Authority (established by OCGA § 52-2-4 as "an instrumentality of the State of Georgia and a public corporation") and leased by it to Fuji Vegetable Oil, Inc. ("Fuji"). Fuji had engaged the appellee, Chiyoda International Corporation, as its general contractor for the construction of a vegetable oil refining plant on the subject property, and the appellee had hired Grady Sturgess Builder, Inc. ("Sturgess") as one of its subcontractors. Sturgess in turn had contracted with the appellants for labor and materials. Stur-

gess defaulted on its contract with the appellee and, although it had been paid by the appellee, did not pay the appellants, whose lien claims exceed $540,000. As a part of its contract with Fuji, the appellee had agreed to "pay and satisfy all claims for labor and materials employed or used in any way by it or any of its subcontractors in connection with the Work performed hereunder . . . and to permit no liens of any kind to be fixed upon the land upon which the Plant is situated or the Plant or Project. . . ."

Asserting that Fuji had called upon it to discharge the liens pursuant to their contract and that there existed a substantial dispute as to whether the subject property was a lienable estate for years, the appellee filed the present action for declaratory relief. In its complaint, the appellee alleged that the lease agreement between Fuji and the Georgia Ports Authority granted Fuji only a non-lienable possessory interest (i.e., a usufruct, see OCGA § 44-7-1), with the result that the appellants' claims of liens were invalid, and it was under no contractual obligation to Fuji to discharge them. The appellee requested the court to protect it from "uncertainty and insecurity with respect to the propriety of its future actions . . . including the necessity to post bonds to discharge improper liens, [and] payment of claims for which it is not liable" by enjoining the appellants from attempting to enforce the liens, declaring the liens invalid and directing the clerk of the court to cancel them of record. The appellants responded by moving the court to add Fuji as an additional plaintiff or, alternatively, as a defendant, under OCGA § 9-11-19 (a). The appellee then moved for summary judgment on its theory that the claims of lien were invalid, and the appellants filed cross motions for summary judgment. After denying the appellants' motion to add Fuji, the trial court granted the appellee's motion for summary judgment and denied the appellants' motions. This appeal followed.

The appellants contend on appeal that the trial court erred in ruling that Fuji's lease did not create a lienable estate for years and in denying their motion to add Fuji as a necessary party under OCGA § 9-11-19 (a). However, we do not reach these issues. Under its contract with Fuji, the appellee is obligated both to "pay and satisfy all claims for labor and materials . . . used . . . by it or any of its subcontractors in connection with the work performed hereunder," and to "permit no liens of any kind to be fixed upon the land." These obligations are obviously premised upon the assumption by the parties to the contract (i.e., the appellee and Fuji) that Fuji had a lienable estate in the property. However, regardless of the nature of Fuji's interest in the property, the appellee clearly assumed a contractual obligation both to remove any liens which were filed against the property and to satisfy all claims for labor and materials supplied in connection with the project. The most expedient method of removing such liens

would, as acknowledged by the appellee, be for it to file bonds with the superior court pursuant to OCGA § 44-14-364. The bonds would then stand in place of the recorded liens as security for the claims; and in any subsequent action to collect on the bond, the appellee could "present as defenses those which would be available to a foreclosure of the lien for which the bond was substituted." *M. Shapiro & Sons, Inc. v. Yates Constr. Co.,* 140 Ga. App. 675, 678 (231 SE2d 497) (1976). See also *Linco Constr. Co. v. Tri-City Concrete,* 161 Ga. App. 174 (1) (288 SE2d 125) (1982).

In summary, we conclude that the appellee's assertion that Fuji's estate is not lienable would not, even if true, relieve the appellee of its liability under the terms of its agreement with Fuji both to remove the liens and to discharge the underlying claims on which they are predicated. Accordingly, we hold that the trial court erred in granting summary judgment to the appellee and in denying summary judgment to the appellants.

*Judgment reversed. Carley, P. J., and Beasley, J., concur.*

DECIDED MARCH 9, 1992 —
RECONSIDERATION DENIED APRIL 2, 1992 — 

*Miller, Simpson & Tatum, William E. Dillard III,* for appellants.
*Bouhan, Williams & Levy, Leamon R. Holliday III, Hunter, Maclean, Exley & Dunn, Andrew H. Ernst,* for appellee.