## A94A2481. MECO OF ATLANTA, INC. v. SUPER VALU STORES, INC.
### (449 SE2d 687)

BIRDSONG, Presiding Judge.

Appellant/plaintiff Meco of Atlanta, Inc. filed suit to enforce a

special materialman's lien against appellee/defendant Super Valu Stores, Inc. Appellant appeals from the order of the superior court granting appellee's motion for summary judgment and denying appellant's motion for summary judgment.

Appellant sold certain materials and equipment to subcontractor Descon Group, Inc. The materials were incorporated into a construction project located on real property owned by Alterman Properties, Ltd. Appellant has never been paid for these items despite its repeated demands for payment. Alterman originally leased the property, which includes a wholesale food distribution center, to Delhaize The Lion Subsidiary, Inc. for a term of fifteen years with an option to extend the lease period for up to three additional five-year terms. Subsequently Alterman and Delhaize (then known as Food Giant) amended the lease to allow Food Giant to assign the lease to appellee Super Valu Stores, Inc. with the provision that as of the date of such assignment the basic lease term would be changed from 15 to 20 years. On February 23, 1985, Food Giant assigned the lease to appellee; a memorandum noted that the basic lease term had been changed to 20 years (terminating on February 23, 2005) but the other terms of the lease and amendments continued in full force and effect. In 1990 appellee contracted with Associated Environmental, Inc. (AEI) to remove and replace a truck refueling system used in the food distribution center; the project required installation of new underground fuel storage tanks and above-ground pumps and controls. AEI subcontracted a substantial portion of this work to Descon Group, Inc. which in turn purchased materials and equipment from appellant Meco; the last of the materials and equipment for the project was furnished on March 6, 1991. On March 29, 1991, appellant filed and recorded a materialman's and mechanic's claim of lien, pursuant to OCGA § 44-14-361 et seq., "on the building and real estate of Alterman Properties, Ltd., a Georgia limited partnership, for satisfaction of a claim which became due on March 6, 1991, for improving said property by furnishing materials and/or services . . . at the instance of Descon Group, Inc." The claim of lien failed to assert that the estate being subjected to a claim was that granted to appellee Super Valu Stores, and failed to identify Super Valu expressly within said lien claim. The affidavit/notice of suit filed by appellant expressly listed Alterman Properties, Ltd., as the current owner of the estate against which the lien was filed, and did not list appellee Super Valu Stores as having any legal interest in the property against which the lien was being asserted.

On April 12, 1991, appellant filed a complaint on account against Descon; a consent judgment was entered on behalf of appellant in the amount of $64,209.87 plus interest for the materials and equipment furnished. Descon, however, failed to make any payment to appellant

pursuant to the consent judgment. On April 24, 1992 and July 15, 1992, appellee filed a bond and revised bond, respectively, discharging the property from appellant's claim of lien. Appellee was then substituted as party defendant in place of Alterman Properties; appellant filed an amended complaint averring causes of action against appellee both on grounds of claim of lien and contract. *Held*:

1. Appellee concedes that its leasehold interest in the property is an estate for years and that, as a general principle, a claim of lien can be filed and enforced against a leasehold interest. *James G. Wilson Mfg. Co. v. Chamberlin &c. Co.*, 140 Ga. 593 (79 SE 465). "[A] laborer or mechanic is entitled to a lien on *whatever interest* his employer had in the property at the time the work was done, or the materials were furnished." (Emphasis supplied.) Id. at 593 (3). " 'Want of title in the defendant to the premises on which the lien is claimed, and alleged title in a third person who is no party to the suit, will not bar an action for foreclosing and enforcing the statutory lien of a materialman,' " because if the defendant has any interest in the premises upon which the lien can take effect, that interest is bound. Id. at 593 (1); compare *D & N Elec. v. Underground Festival*, 202 Ga. App. 435, 436 (1) (414 SE2d 891) (physical precedent only as to Division 1). " 'Every legal interest in real and personal property can be' seized and sold." *Wilson Mfg. Co.* at 593 (2). But, " ' "[a] tenant can not order work done upon the demised premises and charge the owner with the cost, unless there is some relation existing between him and his landlord other than that of lessor and lessee, by virtue of which the landlord expressly or impliedly consents to the contract under which the improvements are made. The mere knowledge of the landlord that the improvements are being made by the tenant is insufficient to charge him *or his premises* with their cost. He must expressly or impliedly authorize the tenant to make the improvements for the former's benefit." ' " (Emphasis supplied.) *D & N Elec.*, supra at 436 (2); compare *Underground Festival v. McAfee Engineering Co.*, 214 Ga. App. 243, 244 (1) (447 SE2d 683); *F. S. Assoc. v. McMichael's Constr. Co.*, 197 Ga. App. 705, 706 (1) (399 SE2d 479). Even assuming the improvements were to become the landlord's property at the termination of the tenant's lease, such fact standing alone would not create a basis for imposing a lien against the landlord. "The landlord's equitable interest in improvements is not subject to a lien." Id. Thus, if the lien at issue was filed solely against the reversionary interest of the landlord in the premises, rather than against the legal interest in the premises of the appellee/lessee, it would indirectly allow appellee/lessee to subject the landlord's equitable interest in improvements to the leasehold to a lien asserted by appellant/materialman. It is well settled that one cannot do indirectly that which the law does not allow to be done directly. *Kingsmill Village Condo.*

*Assn. v. Homebanc Fed. Savings Bank,* 204 Ga. App. 900, 902 (2a) (420 SE2d 771).

Moreover, the filing for record of a claim of lien shall be in substance in the form provided in OCGA § 44-14-361.1 (a) (2). This form requires the affirmative identification of the party against whose interests in the premises the lien is being filed. Lien statutes are in derogation of the common law and are to be strictly construed and strict compliance therewith is required. *L & W Supply Corp. v. Whaley Constr. Co.,* 197 Ga. App. 680, 681 (399 SE2d 272). "As to the form of the claim, which is what we are solely dealing with here, the statute sets out what it shall be 'in substance.' OCGA § 44-14-361.1 (a) (2). The filed document is to identify the claim by specifying, for one thing, [the identity of the real person whose legal interest is being subject to lien]." Id. at 681; cf. *Mikart, Inc. v. Ansley Park Plumbing &c. Co.,* 9 BR 144, 148 (9) (USBC, N.D. Ga.) (lack of evidence that lien was filed against leasehold as required by then-existing statute resulted in conclusion petitioner failed to perfect a materialman's lien).

It remains to be determined whether appellant adequately filed and enforced its claim of lien against appellee's *leasehold interest* in the property. Examination of the lien document reveals that when the lien is examined in its entirety an ambiguity exists whether the lien was filed against the leasehold interest in the premises or was intended to be filed and was filed only against the owner's reversionary interest therein. This ambiguity must be resolved in favor of appellee and against appellant who caused the lien document to be filed. Accordingly, the lien claim must be construed as having been filed solely against the owner's reversionary interests and not against the leasehold interest in the premises. Moreover, contrary to the requirements of OCGA § 44-14-361.1 (a) (2), the lien document failed to reveal affirmatively the identity of the real person whose interest in the premises was being subjected to lien. For each of these reasons we find that the lien claim was not effective, and that the trial court did not err as enumerated. A grant of summary judgment must be affirmed if it is right for any reason. *Hanna v. McWilliams,* 213 Ga. App. 648, 651 (3) (446 SE2d 741).

2. Appellant further asserts the trial court erred by granting appellee's motion for summary judgment and denying appellant's motion for summary judgment, as appellee was obligated to satisfy Meco's claim under the governing lease agreement. Appellant, citing *Hoffman Elec. Co. v. Chiyoda Intl. Corp.,* 203 Ga. App. 731 (417 SE2d 371), specifically argues that a cause of action arose under the terms of the leasing agreement which created a liability on appellee's part to remove the liens and to discharge the underlying claims on which they are predicated. However, examination of appellant's com-

plaint, as amended, reveals that even under the liberal standards of the Civil Practice Act (see generally *Wade v. Polytech Indus.*, 202 Ga. App. 18, 21 (2) (413 SE2d 468)) appellant did not effectively aver in its complaint a claim under the precedent of *Hoffman Elec.*, supra. Accordingly, we find this issue is not ripe for appellate consideration. Cf. *Brown v. Tomlinson*, 246 Ga. 513, 515 (272 SE2d 258); *Southern Business Machines of Savannah v. Norwest Financial Leasing*, 194 Ga. App. 253, 260 (390 SE2d 402). Nothing in this opinion is intended to address the legal validity of such a contention were it to be presented subsequently in a timely case containing an adequate averment of a claim grounded on the holding in *Hoffman Elec.*, supra.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED NOVEMBER 8, 1994.

*Thompson & Slagle, Jeff B. Slagle,* for appellant.
*Swift, Currie, McGhee & Hiers, Jeffrey Y. Lewis,* for appellee.