## A96A2421. FEDERAL DEPOSIT INSURANCE CORPORATION
## v. GRAY.
### (484 SE2d 67)

SMITH, Judge.

This action arose after Gray filed a claim of lien covering work his company performed on a construction project in Gwinnett County. The primary issue in this appeal is whether the jury was authorized to determine that the claim was valid. For the reasons that follow, we conclude that sufficient evidence was presented to support the jury's verdict in Gray's favor.

A brief chronology of events from 1983 through the trial of this case in 1996 is necessary. In September 1983, Gray entered into a contract with Norton Properties, Inc., referenced throughout the project manual and contract as the owner of the project, to perform grading and excavation work on a tract of land in Gwinnett County. S. Donald Norton signed the contract in his capacity as president of Norton Properties, Inc. In January 1984, Gray entered a second contract. S. Donald Norton Properties, Inc. was listed as the owner of the project. It appears undisputed that both contracts addressed the same tract of land.

The second contract covered part of the work included in the earlier contract but also included additional work. Evidence was presented that Gray submitted certain bills in June 1984 to Norton Properties, Inc., which were paid. Gray left the project in July 1984. Gray was not paid for all of the work he completed under both contracts, and in October 1984, he filed a claim of lien in the amount of $108,000 against the property, naming Norton Properties, Inc. as owner. S. Donald Norton Properties, Inc. filed a complaint against Gray seeking damages for breach of contract and also a declaration that the claim of lien was invalid because Gray failed to name the owner of the property, S. Donald Norton Properties, Inc., in the claim. Gray answered and counterclaimed, seeking to foreclose on the claim of lien and alleging fraud, among other things.

After Gray filed the lien, bond was posted through Traveler's Insurance Company to remove the claim of lien as an encumbrance to the title to the property. It appears from the face of the bond to discharge lien filed with the clerk of superior court that the Traveler's bond was issued on behalf of Norton Properties, Inc. First Service Corporation, as principal, and United Federal Savings & Loan Association, as surety, subsequently substituted for the Travelers bond their own bond, in the form of a certificate of deposit.[1] First Service

---

[1] A discrepancy exists in the record concerning this substitution: The collateral assignment of the certificate of deposit to the superior court clerk recites that the bond was filed on behalf of S. Donald Norton Properties, Inc.

and United Federal were added as defendants in counterclaim in November 1986. Subsequently, the Resolution Trust Corporation, and then FDIC, were substituted as defendants in counterclaim. Gray's action on the bond against FDIC was tried before a jury in May 1996.[2] The jury found in Gray's favor, specifically concluding that the lien was enforceable and that Gray was entitled to recover interest on the principal amount of $108,000.

1. FDIC contends it was entitled to a directed verdict because Gray failed to name S. Donald Norton Properties, Inc. as the owner in the claim of lien, which resulted in an invalid lien pursuant to OCGA § 44-14-361.1.[3] We do not agree.

To be enforceable, a claim of lien must include the name of the owner of the property against which the claim is being filed. OCGA § 44-14-361.1 (a) (2). *A & A Heating &c. Co. v. Burgess*, 148 Ga. App. 859, 860 (1) (253 SE2d 246) (1979). See also *Meco of Atlanta v. Super Valu Stores,* 215 Ga. App. 146, 149 (1) (449 SE2d 687) (1994); *North v. Waffle House,* 177 Ga. App. 162, 163 (a) (338 SE2d 750) (1985). In this case, the evidence was in conflict as to the correct title of the corporation that owned the property when Gray filed the lien. Some evidence was presented that "S. Donald Norton Properties Inc." owned the property, while other evidence showed that "Norton Properties, Inc." was the owner.

The law is well settled that "[t]his court will not disturb a judgment when there is any evidence to sustain it, in the absence of a material error of law. If the verdict is wholly without supporting evidence, it will be set aside, but where the evidence is in conflict and a properly instructed jury resolves the conflicts . . . and that decision is approved by the trial judge and is supported by the evidence of record, this court . . . will affirm." (Citations and punctuation omitted.) *Randall & Neder Lumber Co. v. Randall*, 202 Ga. App. 497, 498 (414 SE2d 718) (1992). See also *Service Merchandise v. Jackson*, 221 Ga. App. 897, 898-899 (473 SE2d 209) (1996) (in ruling on directed verdict motion, evidence must be construed in favor of party opposing motion, and for grant of motion to be proper, there must be no conflict in evidence as to any material issue). Because conflicting evidence of the owner's name was presented, it was for the jury to determine whether Gray's lien was valid and enforceable. The jury was properly instructed that one of the requirements for a valid claim of

---

[2] S. Donald Norton Properties, Inc.'s pleadings were stricken at trial for failure to answer Gray's counterclaim. We note that S. Donald Norton Properties, Inc. filed a notice of bankruptcy in August 1988.

[3] FDIC also contends that the trial court erroneously denied summary judgment on this ground. The denial of the motion for summary judgment became moot after the case was submitted to the jury and a judgment rendered. See, e.g., *Pope v. Professional Funding Corp.*, 221 Ga. App. 552, 553 (472 SE2d 116) (1996).

lien is that it name the owner. The jury's conclusion that the lien was enforceable was authorized because some evidence was presented that Norton Properties, Inc. owned the property.

2. FDIC also contends that the trial court erred in failing to charge the jury that materialman's lien statutes must be strictly construed. We disagree.

"It is axiomatic that a jury charge need not be given in the exact language requested if the charge as given clearly covers the circumstances of the case. All that is necessary, provided the requested charge accurately states the relevant principles of law, is that these principles be fairly given to the jury in the general charge. When it can be determined that the charge actually given conveys correctly the intent of the law and is so framed as to be applied with understanding to the fact situation, denial of a request for a specific charge is not reversible error. [Cit.]" (Citation and punctuation omitted.) *City of Dalton v. Smith*, 210 Ga. App. 858, 859 (3) (437 SE2d 827) (1993).

Considering the jury instructions as a whole, we find no error in the trial court's failure to give the requested charge. The trial court charged the jury that "[f]or a claim of lien to be valid, the lien claimant must name the correct owner of the property at the time the lien is filed. If the lien claimant fails to name the correct owner of the property in a claim of lien, then the lien is void." The charge emphasized that to be enforceable a claim of lien must reveal the owner of the property. In addition to this clear, strong instruction, the trial court responded to the jury's later request for "clarification on all the factors that constitute a valid lien" by instructing the jury that it must "decide whether or not the claim of lien identifies, by name, the owner of the property." The jury was twice instructed on the principle that the owner *must* be named in the claim of lien, and the failure to charge that strict construction was required in the exact language requested is not reversible error.

3. FDIC also contends that it was entitled to a directed verdict because Gray failed to maintain separate accounts for work done under each of the two contracts. Regardless of whether the cases cited by FDIC apply to the facts and issues involved in this appeal, any issue as to whether Norton Properties, Inc. or S. Donald Norton Properties, Inc. owed money on Gray's claim is foreclosed by FDIC's pre-trial stipulation. Although FDIC disputed attorney fees and interest on the claim, counsel for FDIC expressly stipulated, "[W]e do not contest the claim against S. Donald Norton Properties, Incorporated. . . . [W]e are not contesting the basic claim that [Gray] filed a lien for, which is $108,000." We note that FDIC's counsel stated during his motion for directed verdict that he expected, when he made the pre-trial stipulation, that Gray would show how payments were

allocated between the two contracts. Gray had rested his case before FDIC's counsel proffered this explanation, and we agree with the trial court that, based on FDIC's pre-trial stipulation that it did not contest the claim against S. Donald Norton Properties, Inc., Gray reasonably could have believed that a break-down of payments between the two contracts was unnecessary.[4]

4. Finally, FDIC contends that the trial court erroneously entered an in personam, rather than in rem, judgment against it. Although FDIC claims in its brief that it objected to the form of the judgment, we find no such written objection in the record; and we will not consider unsupported claims of facts made in appellate briefs. See, e.g., *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (2) (464 SE2d 219) (1995). Because the record does not affirmatively show that the issue was first presented to the trial court, we will not consider it here. See *Gee v. Chattahoochee Tractor Sales*, 172 Ga. App. 351, 354 (5) (323 SE2d 176) (1984) (physical precedent only); *Page v. State*, 167 Ga. App. 297, 298 (1) (306 SE2d 381) (1983).

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED MARCH 12, 1997 — 

*Varner, Stephens, Humphries & White, James T. White, Brendan J. McCarthy*, for appellant.

*Greer, Klosik & Daugherty, John F. Daugherty, Jeffrey F. Leasendale*, for appellee.

---

[4] In response to FDIC's argument that it was incumbent upon Gray to show how payments were applied to the contracts and counsel's "explanation" of its stipulation after Gray rested, the trial court stated, "[P]erhaps the stipulation should not have been offered, and they should have just been required to put on that type of proof. . . . [A]ssuming that they agree that under normal circumstances [Gray would have been required to show how the payments were applied], I am not comfort[able] in directing a verdict saying they didn't do that when there was a stipulation at the beginning of the trial that might have suggested to them that they were being relieved of that obligation by virtue of the stipulation."