A01A1295. CORLEY COMMUNICATIONS, INC. v. NORTHWINDS CENTER, L.P. et al.
(552 SE2d 131)

PHIPPS, Judge.

Siebel Systems, Inc. leased space in an office building from Northwinds Center, L.P., the building owner. Siebel hired Continental Communications, Inc. to install certain wiring in the office. Continental subcontracted the work to Corley Communications, Inc. Continental fired Corley before the work was finished. Corley sued Continental and Northwinds to recover for labor and materials. The question is whether Corley can enforce a materialman's lien against Northwinds. The trial court answered this question in the negative and awarded partial summary judgment to Northwinds, on grounds that Corley did not install the wiring at the instance of Northwinds or anyone acting on behalf of Northwinds. We affirm.

Siebel contracted with Continental, and Continental subcontracted with Corley, for the installation of telephone, data, and cable wiring in the office space. Continental became dissatisfied with Corley's work performance and ordered Corley to cease work before completion of the project.

Within the time required by law, Corley filed a materialman's lien on Northwinds' office building as well as the underlying real estate and then brought this action against Northwinds and Continental for recovery of $82,940 for labor and materials. Counts 1 and 4 of Corley's complaint seek enforcement of the materialman's lien against Northwinds, Count 2 seeks a recovery against Northwinds for unjust enrichment, and Count 3 seeks a recovery against Continental for breach of contract.

In reliance on *Meco of Atlanta v. Super Valu Stores*,[1] Continental moved for partial summary judgment as to Corley's claim against Northwinds for enforcement of the materialman's lien. *Meco* holds

---

[1] 215 Ga. App. 146 (449 SE2d 687) (1994).

that by contracting for improvements to be made upon leased premises, a tenant does not create a basis for imposing a materialman's lien against the landlord's interest in the premises "unless there is some relation existing between him and his landlord other than that of lessor and lessee, by virtue of which the landlord expressly or impliedly consents to the contract under which the improvements are made."[2] As stated in OCGA § 44-14-361 (b), a materialman's lien may attach to the real estate for which the labor, services, or materials were furnished if they are furnished "at instance of the owner" or "some person acting for the owner." As recognized in *F. S. Assoc. v. McMichael's Constr. Co.,*[3] a materialman's lien can be enforced against the property interest of the landlord only to the extent that the tenant was the agent of the landlord in contracting for the work.

In opposition to Continental's motion for partial summary judgment, Corley advanced two arguments. First, Corley argued that Continental lacks standing to assert defenses on behalf of Northwinds. Second, Corley claimed that under *McMichael's,* supra, Siebel was acting as Northwinds' agent in contracting for the work that Corley performed. *McMichael's* holds that a tenant acts as an agent for the landlord, to the extent that the landlord has contracted with the tenant to pay for the improvements to the property. In *McMichael's,* the lease gave the tenant a $59,400 allowance to defray the costs of improvements which the tenant made to the premises. Costs on the contract between the tenant and his contractor amounted to over $200,000. The landlord paid the $59,400 allowance to the tenant, who remitted the payment to the contractor. We held that the contractor could not enforce its materialman's lien to hold the landlord liable for a balance due of $129,109.

The lease in this case, as in *McMichael's,* contained a tenant improvement allowance. The allowance in this case was in the approximate amount of $307,000. But under the lease, Northwinds was obligated to pay only for telephone, data, and cable wiring to the extent of any funds remaining in the tenant improvement allowance after Siebel was reimbursed for its costs in making other improvements to the property. Moreover, the lease required Siebel to make a written request for reimbursement within 90 days after the work commenced. Specifically, the lease provided that

> [i]n the event the tenant improvement allowance exceeds the amount of tenant improvements costs, landlord shall, at tenant's written request, reimburse tenant for the actual costs paid by tenant (up to the amount of such excess tenant

---

[2] (Citations and punctuation omitted.) Id. at 148 (1).
[3] 197 Ga. App. 705 (1) (399 SE2d 479) (1990).

improvement allowance) for: (i) the installation in the premises of voice and data wiring and cabling; (ii) the purchase and installation of a new telephone system within the premises . . . provided that in all events such written request of tenant is received by landlord within ninety (90) days after the commencement date. . . .

After Corley filed its opposing brief, Northwinds moved for summary judgment on its own behalf for the reasons given in support of Continental's motion. Corley then filed a brief in opposition to Northwinds' motion based on the same reasons Corley opposed Continental's motion. The court later entered an order granting Continental's motion for partial summary judgment, thereby awarding summary judgment to Northwinds on Counts 1 and 4 of the complaint.

1. Because Northwinds filed its own motion for summary judgment to which Corley responded, issues relating to Continental's lack of standing are moot.

2. Under *McMichael's*, Corley's materialman's lien is enforceable against Northwinds if payment of the amount due under the lien was payable by Northwinds to Siebel under the tenant improvement allowance.

Adams Little, who is employed by Northwinds' property management company, submitted an affidavit unopposed by Corley. This uncontroverted affidavit leaves no doubt that Siebel made no timely, written request to be reimbursed for the cost of installing the subject wiring. Consequently, Northwinds had no responsibility for payment, and Corley's materialman's lien is not enforceable against Northwinds.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED JULY 11, 2001 —
RECONSIDERATION DENIED JULY 27, 2001 —

*Peevy & Lancaster, G. Wayne Lancaster*, for appellant.
*Phears & Moldovan, Victor L. Moldovan, Kilpatrick Stockton, Craig E. Bertschi, Burleigh L. Singleton*, for appellees.

