### A03A0532. WORLEY v. COWPER CONSTRUCTION COMPANY, INC. et al.
#### (576 SE2d 645)

PHIPPS, Judge.

Rick Worley was a subcontractor on a project to improve property leased by EIG Covered Bridge, LLC, to Bi-Lo, Inc. Worley brought this suit because the project's general contractor, Cowper Construction Company, Inc., failed to pay for $112,898.80 in labor and materials supplied by Worley. Worley seeks a money judgment against Cowper and imposition of a special lien against EIG's interest in the property. Worley appeals the trial court's grant of EIG's motion for summary judgment. Because it is undisputed that EIG and Bi-Lo's lease agreement required Bi-Lo to pay for the improvements to the property, the trial court did not err in ruling that no lien attached to EIG's reversionary interest.

EIG owns a shopping center. In 1985, EIG agreed to lease a space in the shopping center to Bi-Lo. The lease agreement provides for fixed annual rent in a specified dollar amount, and for an annual bonus rental payment if net receipts from Bi-Lo's business exceed the fixed annual rental for the lease year. In 1999, the parties expanded the lease to include adjacent space. An amendment to the lease obligated Bi-Lo to renovate and remodel the adjacent premises at its sole cost and expense. EIG was given the right to review and approve work plans and specifications.

*Meco of Atlanta v. Super Valu Stores*[1]

> holds that by contracting for improvements to be made upon leased premises, a tenant does not create a basis for imposing a materialman's lien against the landlord's interest in the premises "unless there is some relation existing between him and his landlord other than that of lessor and lessee, by virtue of which the landlord expressly or impliedly consents to the contract under which the improvements are made." As stated in OCGA § 44-14-361 (b), a materialman's lien may attach to the real estate for which the labor, services, or materials were furnished if they are furnished "at instance of the owner" or "some person acting for the owner." As recognized in *F. S. Assoc. v. McMichael's Constr. Co.*,[2] a materialman's lien can be enforced against the property interest of the landlord only to the extent that the tenant was the agent of the landlord in contracting for the work. . . . *McMichael's* holds that a tenant acts as an agent for the landlord, to the extent that the landlord has contracted with the tenant to pay for the improvements to the property.[3]

To charge the premises of the landlord with liability for cost of improvements made by the tenant, the landlord "must expressly or impliedly authorize the tenant to make the improvements for the former's benefit."[4]

Where, as here, the tenant is responsible for paying for the improvements to the property, it acts for its own benefit and not as the landlord's agent in contracting for the work. Neither the landlord's right to approve plans for the improvements nor its right to receive additional rent if the tenant's revenues exceed certain amounts changes this result.

---

[1] 215 Ga. App. 146, 148 (1) (449 SE2d 687) (1994).

[2] 197 Ga. App. 705 (1) (399 SE2d 479) (1990).

[3] (Footnotes omitted.) *Corley Communications v. Northwinds Center*, 250 Ga. App. 775-776 (552 SE2d 131) (2001), citing *F. S. Assoc.*, supra.

[4] (Citations and punctuation omitted.) *Meco of Atlanta*, supra.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 17, 2003.

*Stockton & Stockton, Lawrence A. Stockton, Jr.*, for appellant.
*Phillips & Morgan, Gregory K. Morgan, Elizabeth B. Hodges*, for appellees.